UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM STEELE,<br>BRITTANY MONTROIS, AND   )<br>    A CLASS OF MORE THAN   )<br>    700,000 SIMILARLY SITUATED   )<br>    INDIVIDUALS AND BUSINESSES,   )<br>                                   )<br>    Plaintiffs   )<br>v.   )   CIVIL ACTION<br>                                   )   FILE NO. 1-14-cv-01523-TSC<br>UNITED STATES OF AMERICA   )<br>                                   )<br>    Defendant   ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO APPOINT

## INTERIM CLASS COUNSEL

Plaintiffs move, pursuant to Fed. R. Civ. P. 23(g), to appoint Allen Buckley[1] and Stuart J. Bassin as interim class counsel to act on behalf of the putative class pending ruling on a future motion for class certification and appointment of class counsel.

---

[1]   A motion to admit Allen Buckley *pro hac vice* was filed on September 10, 2014.  As of the date of this filing, that motion remains pending before the Court.

## BACKGROUND

This case arises out of regulations promulgated by the Internal Revenue Service (the "IRS") governing individuals and firms which are paid to prepare tax returns for others.  Under the regulations, these return preparers (including lawyers, accountants, and others) are required to apply to the IRS for a Preparer Tax Identification Number (PTIN), pay the IRS a registration user fee, annually renew the PTIN with the IRS, and annually pay the IRS an additional renewal fee.  Over the course of several years, more than 700,000 individuals and firms have obtained or renewed PTINs and have paid the IRS more than $150 Million in PTIN registration or renewal fees.

A motion for class certification, pursuant to Fed. R. Civ. P. 23(c) and Local Rule 23.1, is being prepared and will be filed shortly.  That motion will seek certification of a class of plaintiffs consisting of all return preparers who were required to apply for or renew PTINs and paid the initial registration or renewal fee to the IRS.

The substantive issues to be considered in this case are largely legal in nature.  Plaintiffs contend that the IRS lacked statutory authority to

require return preparers to pay fees to acquire or renew a PTIN. Alternatively, they contend that the amount of the fees are excessive and thus unlawful to the extent they are excessive. The named plaintiffs and the class are all return preparers governed by the IRS regulations; they all applied for PTINs and paid the fees required by the IRS to acquire a PTIN. Some of them have renewed their PTINs and paid the renewal fees. For purposes of this case, there are no material factual differences amongst the plaintiffs and the proposed class.

## ARGUMENT

Plaintiffs move the Court to appoint interim class counsel to act on behalf of the proposed class. As good cause for allowance of this motion, plaintiffs state that—

1. The proposed class consists of more than 700,000 individuals and firms. These people are rapidly becoming aware of the case and have questions or comments regarding the status and outcome of this litigation. Mr. Buckley and Mr. Bassin have received telephone and e-mail communications from many of these people during the relatively few days which have passed since filing of the complaint; some of these people are

seeking basic information, while others have shared thoughts and experiences which may be useful in presenting the claims of the class. Appointment of interim counsel will provide these people with a focal point for their inquiries and provide interim counsel with a legal status for dealing with individuals who are not technically their clients at this time.[2]

    2.    It will likely be many months before the Court rules on a motion for class certification and appoints class counsel. During that time, some discovery will be conducted and a motion for class certification will need to be prepared and filed. Inevitably, other issues may arise. Appointment of interim counsel will provide the appointees with legal status to conduct these activities on behalf of the putative class.

    3.    Given the number of potential claimants in the putative class, and the fact that some of these claimants are attorneys, it is possible that other cases will be filed by similarly situated claimants in this district or elsewhere. It is, therefore, quite possible that the Court will soon find that there are multiple pending cases on this issue, each of which involving a

---

[2]    The named plaintiffs have formally retained Mr. Buckley and approved of his association of Mr. Bassin as co-counsel in this matter.

separate set of claimants and lawyers.  Appointment of interim counsel will help avoid duplicative proceedings at this early stage of the proceedings.[3]

4. Allen Buckley and Stuart J. Bassin are qualified to serve as interim class counsel.  They have invested more than 1000 hours in drafting the complaint and working on matters related to this case.  Mr. Buckley is a Georgia attorney and CPA, who has held an AV Martindale-Hubbell rating since 1996.  He has served as plaintiffs' counsel in several class action cases—one of which was a complex ERISA interpleader matter involving an employee stock ownership plan (ESOP) covering tens of thousands of individuals.  He has also litigated pro se a similar challenge to the PTIN fees, which is now pending in the Eleventh Circuit Court of Appeals.  Mr. Bassin has over 25 years of experience in litigating complex tax disputes in federal courts on behalf of the Federal Government and private taxpayers.  They have also consulted with experts in class action litigation, who will be

---

[3] Of course, if other claimants and their lawyers wish to participate in litigating these issues, they can raise direct their inquiries and concerns to interim counsel.  Alternatively, they can participate in connection with the Court's consideration of class certification and appointment of class counsel under Fed. R. Civ. P. 23(g).

added to the litigation team in the event that their particular skills and knowledge of the nuances of class action practice are needed.[4]

## CONCLUSION

For the foregoing reasons, plaintiffs move to appoint Allen Buckley and Stuart J. Bassin as interim class counsel to act on behalf of the putative class pending ruling on a future motion for class certification and appointment of class counsel. A proposed order granting the motion is attached.

Respectfully submitted,

/s/  Stuart J. Bassin

Stuart Bassin
DC Bar Number 366669
The Bassin Law Firm PLLC
Suite 300
1629 K Street, NW
Washington, DC 20006
(202) 895-0969
sjb@bassinlawfirm.com

COUNSEL FOR PLAINTIFFs

---

[4] Additional information concerning Mr. Buckley's experience and credentials can be found at www.allenbuckleylaw.com. Additional information concerning Mr. Bassin's experience and credentials can be found at www.bassinlawfirm.com.