IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Adam Steele, Brittany Montrois, and )
Joseph Henchman, on behalf of )
themselves and all others similarly )
situated, )
    *Plaintiffs*, )    Civil Action No.: 1:14-cv-01523-RCL
)
v. )
)
United States of America, )
    *Defendant*. )
_____ )

## [PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION

The plaintiffs Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated, filed this class action on September 8, 2014, against the defendant, United States of America. The Court finds, orders, and adjudges as follows:

WHEREAS the plaintiffs filed their class action complaint on September 8, 2014;

WHEREAS the plaintiffs filed their amended class action complaint on August 7, 2015, alleging two causes of action: one challenging the IRS's preparer tax identification number ("PTIN") fee as an unlawful agency action (Count One) and one alternatively challenging the PTIN fee as excessive (Count Two);

WHEREAS the PTIN fee is comprised of an amount payable to the Internal Revenue Service and an amount payable to a third-party vendor, which processes initial and renewal PTIN applications;

WHEREAS the plaintiffs filed their motion for class certification on September 9, 2015. On February 9, 2016, the Court granted their motion in part and denied it in part (ECF Nos. 54 & 55), and the plaintiffs moved for reconsideration of the Court's order on February 16, 2016;

WHEREAS, on August 8, 2016, this Court granted the plaintiffs' motion for reconsideration and certified the following class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3): "All individuals and entities who have paid an initial and/or renewal fee for a PTIN, excluding Allen Buckley, Allen Buckley LLC, and Christopher Rizek" (ECF Nos. 63 & 64);

WHEREAS, beginning on October 7, 2016, the plaintiffs, in accordance with Federal Rule of Civil Procedure 23(c)(2), provided notice of this action and an opportunity for exclusion from the action. One thousand seventy five (1,075) individuals and entities excluded themselves from the class in this action;

WHEREAS, on September 7, 2016, the plaintiffs filed a motion for summary judgment, and the United States filed a motion for partial summary judgment; and

WHEREAS, on June 1, 2017, in a Memorandum Opinion and accompanying Order ("Memorandum Opinion and Order") (ECF Nos. 78 & 79), the Court granted both motions in part and denied them in part.

In accordance with the Memorandum Opinion and Order, the following is hereby:

ORDERED that this Court has jurisdiction over the subject matter of this action;

ORDERED that the Internal Revenue Service may require the use of PTINs as the exclusive identifying number under 26 U.S.C. § 6109(a)(4);

ORDERED that final judgment on Count One is entered in favor of the plaintiffs and the class members and against the United States;

ORDERED that the following declaratory relief is granted to the plaintiffs and class members: all fees that the defendant has charged to class members to issue or renew a PTIN

under 26 C.F.R. § 300.13, including those paid to the third-party vendor, are hereby declared unlawful;

ORDERED that the defendant is permanently enjoined from charging PTIN fees;

ORDERED that the defendant provide each class member with a full refund of all PTIN fees paid from September 1, 2010 to present. The United States shall make payment of such refunds to the claims administrator selected by the plaintiffs' counsel promptly after the expiration of the period for appeal or, in the event of an appeal, promptly after the final determination of all appeals or the final judgment of this Court on remand, whichever is later. The claims administrator shall process the individual refunds, less the pro rata share of any attorneys' fees and costs approved by the Court, to class members within 60 days of the final determination of the amount of any attorneys' fees and costs that may be awarded to the plaintiffs' counsel;

ORDERED that, pursuant to Federal Rule of Civil Procedure 23(c)(2), the plaintiffs provide notice and an opportunity for exclusion to any class members who have paid initial PTIN fees after August 20, 2016, and did not receive notice of pendency of this action and did not have an opportunity to exclude themselves before December 7, 2016. A separate order shall be entered regarding procedures related to the plaintiffs' plan of notice. Such orders shall in no way disturb or affect this final judgment and shall be considered separate from this final judgment;

ORDERED that all individuals and entities listed by ClaimID in Exhibit C to the Declaration of Kathleen Wyatt Regarding Notice Procedures (ECF No. 77-1) are hereby excluded from the class, are not bound by this final judgment with respect to refund relief

ordered above, and may not make any claim to the claims administrator in this case with respect to or receive any refund benefit on account of the judgment in this case;

ORDERED that, in light of the relief described above, Count Two is dismissed as moot, without prejudice to the plaintiffs' right to revive that claim if this final judgment is reversed on appeal;

ORDERED that, pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.2, an application by the plaintiffs for attorneys' fees, related nontaxable expenses, or costs shall be filed no later than 30 days after the expiration of the period for appeal or, in the event of an appeal, shall be filed within 30 days of the final determination of all appeals or the final judgment of this Court on remand, whichever is later.  A separate order shall be entered regarding class counsel's application for attorneys' fees and reimbursement of expenses as allowed by the Court.  Such orders shall in no way disturb or affect this final judgment and shall be considered separate from this final judgment;

ORDERED that, pursuant to Federal Rule of Civil Procedure 23(h)(1), notice to the class of any hearing on an attorneys' fees and costs application shall be disseminated no later than 30 days after the Court's approval of the plan and form of notice.  A separate order shall be entered regarding notice and briefing procedures relating to attorneys' fees and costs.  Such orders shall in no way disturb or affect this final judgment and shall be considered separate from this final judgment;

ORDERED that there is no just reason for delay in the entry of this final judgment and immediate entry by the Clerk of the Court is directed.  For the purposes of Federal Rule of Appellate Procedure 4(a), this is a final, appealable order; and

ORDERED that jurisdiction is hereby retained over the parties and the class members for all matters relating to this action, including the administration, interpretation, effectuation, or enforcement of this final judgment.

**IT IS SO ORDERED.**

Dated: __7/7/17__

_____
The Honorable Royce C. Lamberth
Senior United States District Judge