IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Adam Steele, Brittany Montrois, and )
Joseph Henchman, on behalf of )
themselves and all others similarly )
situated, )
    *Plaintiffs*, )
                                      ) Civil Action No.: 1:14-cv-01523-RCL
                                      )
v. )
                                      )
United States of America, )
    *Defendant*. )
_____)

# [~~PROPOSED~~] SCHEDULING ORDER

    The plaintiffs Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated, filed this class action on September 8, 2014, against the defendant, United States of America. The Court finds and orders as follows:

    WHEREAS, on July 7, 2017, this Court entered final judgment on the plaintiffs' claim challenging the IRS's preparer tax identification number ("PTIN") fee as an unlawful agency action (Count One), adjudging the claim in favor of the plaintiffs and the class members and against the United States;

    WHEREAS the Court retained jurisdiction over the parties and the class members for all matters relating to this action, including the administration, interpretation, effectuation, or enforcement of this final judgment; and

    WHEREAS the parties have requested that the Court provide a schedule for subsequent proceedings in this action;

    IT IS HEREBY ORDERED that the following schedule be adopted:

    1.    *Supplemental Notice.* The plaintiffs shall provide notice and an opportunity for exclusion to those class members who obtained their PTIN and paid initial PTIN fees after

August 20, 2016, and thus did not receive the notice of pendency of this action and did not have an opportunity to exclude themselves before December 7, 2016.

    a. If the United States appeals the Court's final judgment, then the plaintiffs shall submit to this Court a plan for disseminating supplemental notice within **14 days** of the filing of the notice of appeal.

    b. If the United States does not appeal the Court's final judgment, then the plaintiffs shall submit to this Court a plan for disseminating supplemental notice in conjunction with the notice of their attorneys' fees and costs application, discussed below in paragraph 2.a.

2. ***Attorneys' Fees and Costs Application, and Notice.***

    a. Pursuant to Federal Rule of Civil Procedure 23(h)(1), the plaintiffs shall submit to this Court a plan for disseminating the notice of their attorneys' fees and costs application within **14 days** after the expiration of the period for appeal or, in the event of an appeal, within **14 days** of the final determination of all appeals or the final judgment of this Court on remand, whichever is later.

    b. Pursuant to Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.2, the plaintiffs shall file an application for attorneys' fees and costs within **30 days** after the expiration of the period for appeal or, in the event of an appeal, within **30 days** of the final determination of all appeals or the final judgment of this Court on remand, whichever is later.

    c. Pursuant to Federal Rule of Civil Procedure 23(h)(1), the plaintiffs shall disseminate notice to the class of an attorneys' fees and costs application and any hearing no later than **30 days** after the Court's approval of the plan and form of

notice. The notice shall provide a deadline of **30 days** from the date of dissemination for class members to file and serve any objections to the application, and any responses shall be filed and served within **14 days** of that deadline.

3. ***Refund of PTIN Fees.*** The United States, with the assistance of the plaintiffs' claims administrator, shall provide each class member with a full refund of all PTIN fees paid from September 1, 2010 to present. The United States shall make payment of such refunds to the claims administrator selected by the plaintiffs' counsel promptly after the expiration of the period for appeal or, in the event of an appeal, promptly after the final determination of all appeals or the final judgment of this Court on remand, whichever is later. The claims administrator shall process the individual refunds, less the pro rata share of any attorneys' fees and costs approved by the Court, to class members within **60 days** of the final determination of the amount of any attorneys' fees and costs that may be awarded to the plaintiffs' counsel.

4. ***Motion for Stay.*** The United States will file its motion for stay within **14 days** from the date the Court enters final judgment.

5. ***Excessiveness Claim.*** If the Court's final judgment is reversed on appeal, then the parties shall meet and confer and, within **14 days** of the final determination of all appeals, shall submit to the Court a proposed scheduling order governing the remaining litigation over the excessiveness claim (Count Two).

**IT IS SO ORDERED.**

Dated: 7/7/17

_____
The Honorable Royce C. Lamberth
Senior United States District Judge