UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**ADAM STEELE**, *et al.*,

    *Plaintiffs*,

v.

**UNITED STATES OF AMERICA**,

    *Defendant*.

Case No. 1:14-cv-1523 (RCL)

## MEMORANDUM OPINION

Before the Court are two related motions: plaintiffs' motion for a preliminary injunction, ECF No. 128, and their motion for leave to file a second amended complaint, ECF No. 133. For the reasons explained below, the Court will **GRANT IN PART** and **DENY IN PART** plaintiffs' motion to file a second amended complaint, ECF No. 133. It will grant the motion only with respect to the proposed additions consented to by the Government, as indicated in ECF No. 139-1. It will deny the motion with respect to the two proposed additions the Government opposes. *See* ECF No. 139-1 at 15 & 17. Furthermore, because plaintiffs' preliminary injunction motion seeks to enjoin a practice that plaintiffs do not challenge in the operative complaint—the second amended complaint—the Court will **DENY** plaintiffs' preliminary injunction motion, ECF No. 128.

## I. BACKGROUND

In 2010, the Internal Revenue Service ("IRS") passed a series of regulations governing the conduct of tax-return preparers, i.e., those who are paid to prepare tax returns for others or those who employ persons who prepare returns for compensation. *Montrois v. United States*, 916 F.3d 1056, 1058–59 (D.C. Cir. 2019); *see* 26 U.S.C. § 7701(36)(A) (defining tax-return preparer). First, the IRS began requiring all tax-return preparers to obtain a Preparer Tax

1

Identification Number ("PTIN") and include that unique identifying number on all tax returns they prepared.[1] 26 C.F.R. § 1.6109-2(a)(2). The IRS also required tax-return preparers to renew their PTINs annually ("PTIN renewal requirement"). *Montrois*, 916 F.3d at 1059 (citing Furnishing Identifying Number of Tax Return Preparer, 75 Fed. Reg. 60,309 (Sept. 30, 2010)). And it began charging tax-return preparers a fee for the issuance and annual renewal of their PTINs ("PTIN fees"). *Id.* (citing User Fees Relating to Enrollment and Preparer Tax Identification Numbers, 75 Fed. Reg. 60,316 (Sept. 30, 2010)). This suit involves a challenge to those fees.

### A. Procedural History

Plaintiffs in this matter are a certified class of "individuals and entities who have paid an initial and/or renewal fee for a PTIN." ECF No. 63 at 1. In September 2014, plaintiffs filed a class complaint alleging that the U.S. Department of the Treasury ("Treasury Department") and IRS lack statutory authority to charge a fee for the issuance and renewal of PTINs. Compl., ECF No. 1 at 30. Alternatively, plaintiffs claimed that even if the IRS *can* lawfully charge fees for the issuance and renewal of PTINs, the amount of fees charged is excessive. *Id.* The complaint sought declaratory relief, injunctive relief, and restitution. *Id.* at 30–31.

In August 2015, after the Court consolidated the captioned case with another related action[2] and appointed Motley Rice LLC as interim class counsel in the newly consolidated matter, ECF No. 38, plaintiffs amended their class complaint. *See* Am. Compl., ECF No. 41. Though the amended complaint still challenged the IRS's authority to charge a fee for the issuance and renewal of PTINs and alleged that the amount of fees charged was excessive, ECF No. 1, it omitted one request for relief included in the initial complaint. In the initial complaint, plaintiffs sought a

---

[1] Before 2010, tax-return preparers could include their social security number on returns they prepared for identification purposes. 26 C.F.R. § 1.6109-2(a)(2)(i).
[2] The Court consolidated the captioned matter, *Steele, et al. v. United States* (14-cv-1523), with the related matter of *Dickson v. United States* (14-cv-2221).

2

permanent injunction prohibiting the Treasury Department from requiring tax-return preparers to *renew* their PTINs. Compl. 32. In the amended complaint, however, plaintiffs removed this request and instead focused exclusively on the IRS's charging of *fees* for the initial issuance and subsequent renewal of PTINs. *See id.* Apparently, the decision to omit this request for relief from the amended complaint was made by class counsel over the objection of one of plaintiffs' counsel, Mr. Allen Buckley of Allen Buckley LLC. *See* ECF No. 131 at 3 n.1.

After the Court granted class certification, ECF No. 63, both parties moved for partial summary judgment on the question of whether the IRS has statutory authority to charge a fee for the issuance and renewal of PTINs. ECF Nos. 66 & 67. Specifically, the parties disputed whether the collection of PTIN fees violated the Independent Offices Appropriations Act ("IOAA"), 31 U.S.C. § 9701(b), which sets forth requirements that must be met before a federal agency can charge a fee for "a service or thing of value" provided by the agency. *See* ECF Nos. 66 at 5 & 67 at 7; 31 U.S.C. § 9701(b). They also disputed whether the IRS's collection of PTIN fees was arbitrary and capricious. *See* ECF No. 67 at 17–19.

Before addressing the legality of PTIN fees, the Court first noted that the IRS can legally require the exclusive use of PTINs (as opposed to social security numbers) under 26 U.S.C. § 6109(d).[3] *Steele v. United States*, 260 F. Supp. 3d 52, 62–63 (D.D.C. 2017). The Court then held that the IOAA does *not* authorize the IRS to charge a fee for issuing PTINs. *Id.* at 63–67. Accordingly, the Court permanently enjoined the IRS from charging PTIN fees and ordered it to refund class members for all PTIN fees collected. ECF No. 82 at 3.

---

[3] Section 6109(d) provides that "[t]he social security account number issued to an individual for purposes of section 205(c)(2)(A) of the Social Security Act shall, except as shall otherwise be specified under regulations of the Secretary, be used as the identifying number for such individual for purposes of this title." 26 U.S.C. § 6109(d).

3

On appeal, the D.C. Circuit disagreed. *Montrois*, 916 F.3d at 1058. It held that the IOAA *does* authorize the IRS to charge fees for the issuance and renewal of PTINs. *Id.* The D.C. Circuit also held that the IRS's decision to charge a fee for the issuance and renewal of PTINs was not arbitrary and capricious. *Id.* The D.C. Circuit thus vacated the Court's permanent injunction and remanded with instruction that the Court consider whether the amount of PTIN fees charged unreasonably exceeds the cost to the IRS to issue and maintain the PTINs. *Id.*

Ever since the D.C. Circuit remanded the matter to this Court in March 2019, the parties have been conducting discovery on the reasonableness of the fees charged between 2010 (when the IRS began charging PTIN fees) and 2017 (when this Court permanently enjoined the IRS from charging PTIN fees). *See* ECF No. 127. This brings us to the two motions presently before the Court: plaintiffs' preliminary injunction motion, ECF No. 128, and their motion for leave to file a second amended complaint, ECF No. 133.

**B. Plaintiffs' Preliminary Injunction Motion**

The D.C. Circuit's ruling in *Montrois* that the IRS can lawfully charge fees for the issuance and renewal of PTINs forced plaintiffs to retreat to their fallback claim: that the amount of fees charged is excessive. Am. Compl. 30–31. But one of plaintiffs' counsel, Mr. Buckley, was not ready to abandon plaintiffs' challenge to the legality of the fees. In a transparent attempt to circumvent the D.C. Circuit's ruling in *Montrois* that the IRS can charge fees for PTIN renewals, Mr. Buckley filed a preliminary injunction motion—purportedly on behalf of the class—seeking to enjoin the IRS from even requiring class members to renew their PTINs in the first place. ECF No. 128. He explained this change in strategy as follows: If tax-preparers cannot be required to renew their PTINs, he argued, they cannot be charged a renewal fee. ECF No. 128 at 1. Notably, Mr. Buckley's co-counsel, including Class Counsel Motley Rice LLC, refused to be listed on the

4

filing. *See id.*; *see also* ECF No. 63 (appointing Motley Rice LLC as Class Counsel); ECF No. 126 (denying Mr. Buckley's motion to be appointed plaintiffs' sole lead counsel).

Before the Government could respond, Class Counsel Motley Rice LLC opposed the preliminary injunction motion filed by Mr. Buckley. ECF No. 130. Class Counsel explained that it "does not believe that the motion is in the best interests of the class" and that it "requested that Mr. Buckley not file it." *Id.* at 2. Accordingly, Class Counsel asked the Court not to consider the motion. *Id.* Mr. Buckley replied in support of his motion, arguing that he has the "legal right to represent the class." ECF No. 131 at 3.

The Government also opposed the preliminary injunction motion. ECF No. 132. It argued that the Court should deny the motion because it seeks relief outside the scope of the amended complaint. Though plaintiffs seek to preliminarily enjoin the IRS from requiring class members to *renew* their PTINs, it argued, the (then-operative) amended complaint "does not challenge or even discuss whether the IRS may require renewal of a PTIN." *Id.* at 1–2 (emphases omitted). And, the Government asserted, plaintiffs "cannot obtain injunctive relief on an issue that is not part of their amended complaint." *Id.* at 2.

### C. Plaintiffs' Motion to File a Second Amended Complaint

Perhaps taking the Government's argument in its opposition to heart, Mr. Buckley subsequently moved on plaintiffs' behalf for leave to file a second amended complaint. ECF No. 133. He requested to add two categories of allegations: First, Mr. Buckley sought to reintroduce allegations challenging the PTIN renewal requirement. *See* ECF No. 133-2 at 14. Second, because he anticipated that the IRS would begin collecting PTIN fees again in mid-October 2020,

Mr. Buckley also sought to add a new claim challenging the amount of fees charged in and after 2020 as excessive. *Id.* at 10–11.[4]

In his motion, Mr. Buckley represented that Motley Rice LLC consented to the proposed changes. *Id.* at 2. Yet the very next day, Motley Rice LLC responded to Mr. Buckley's motion, explaining that it did not authorize Mr. Buckley to file it. ECF No. 135. Again, Motley Rice LLC requested that the Court not consider the motion. *Id.* at 1. Mr. Buckley replied in his defense, urging the Court to consider the motion. ECF No. 136.

The bickering between plaintiffs' counsel ceased when plaintiffs and the Government filed a stipulation regarding plaintiffs' motion to file a second amended complaint. ECF No. 139. The parties attached a proposed second amended complaint to the stipulation and indicated in that attachment which of the plaintiffs' proposed additions the Government opposed. ECF No. 139-1. Though the Government agreed to the addition of a claim challenging the amount of PTIN fees charged in and after 2020 as excessive, it opposed plaintiffs' request to challenge the PTIN renewal requirement. ECF No. 139 at 2.

## II. DISCUSSION

With this context, the Court now turns to the two ripe motions before it: plaintiffs' motion to preliminarily enjoin the IRS from requiring class members to renew their PTINs, ECF No. 128, and their motion to file a second amended complaint, ECF No. 133. For the reasons explained below, the Court will grant in part and deny in part plaintiffs' motion to file a second amended complaint, ECF No. 133. Though the Court will allow plaintiffs to add a claim challenging the amount of PTIN fees charged in and after 2020 as excessive, the Court finds that adding a challenge

---

[4] In October 2020, the Government indeed began charging PTIN fees again. ECF No. 142 at 2. Once this happened, the parties stipulated that in addition to resolving challenges to fees collected between 2010 and 2017, they will also resolve any challenges to the amount charged for fees collected in 2020 and each subsequent year during the pendency of this litigation. ECF No. 144.

6

to the PTIN renewal requirement would be futile. The Court also finds that plaintiffs sought to reintroduce this challenge after undue delay. Accordingly, because the operative complaint in this matter—the second amended complaint—does not challenge the PTIN renewal requirement, the Court cannot preliminarily enjoin the IRS from requiring PTIN renewals. It will thus deny plaintiffs' preliminary injunction motion, ECF No. 128.

### A. The Court Will Grant in Part and Deny in Part Plaintiffs' Motion to File a Second Amended Complaint

Plaintiffs' proposed additions to the amended complaint can be grouped into two categories: (1) allegations involving the amount of fees collected for the issuance and renewal of PTINs in and after 2020, and (2) allegations involving the PTIN renewal requirement. *See* ECF No. 139-1. As for the first category, the Government has agreed to allow plaintiffs to add a claim challenging the amount of PTIN fees collected in and after 2020 as excessive. ECF No. 140 at 1. Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court will thus grant plaintiffs' motion to file a second amended complaint, ECF No. 133, with respect to these consented-to allegations. *See* Fed. R. Civ. P. 15(a)(2) (providing that after a party amends a pleading once as a matter of course, the party can amend the pleading again if the other party consents in writing).

The Government does not, however, consent to plaintiffs' request to reintroduce a challenge to the PTIN renewal requirement. ECF No. 140 at 1; ECF No. 139-1 at 15 & 17. It raises two arguments for denying plaintiffs' request: First, allowing plaintiffs to add their proposed allegations challenging the PTIN renewal requirement would be futile. ECF No. 140 at 5–9. And second, plaintiffs sought leave to add these allegations after undue delay. *Id.* at 9–11. The Court will address each argument in turn. Ultimately, the Court agrees that plaintiffs' request to add a claim challenging the PTIN renewal requirement was made after undue delay. It also finds that

granting plaintiffs leave to add their proposed allegations challenging the PTIN renewal requirement would be futile, but not for the reasons advanced by the Government.

*1. Legal Standard Governing Plaintiffs' Motion to File a Second Amended Complaint*

After a plaintiff has amended the complaint once as a matter of course, the plaintiff may amend the complaint again only with "the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend should be "freely given," unless the court finds: (1) "undue delay, bad faith or dilatory motive on the part of the movant," (2) a "repeated failure to cure deficiencies by amendments previously allowed," (3) "undue prejudice to the opposing party by virtue of allowance of the amendment," or (4) that granting leave to amend would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) (providing that "[t]he court should freely give leave when justice so requires").

Relevant here are two of these reasons for denying a Rule 15(a)(2) motion to amend: undue delay and futility. As for undue delay, a district court cannot deny a Rule 15(a)(2) motion to amend based on untimeliness alone. *In re APA Assessment Fee Litig.*, 766 F.3d 39, 56–57 (D.C. Cir. 2014) (citing *Foman*, 371 U.S. at 182). Instead, the defendant must show "undue prejudice." *Id.*; *accord* Charles Alan Wright, et al., 6 *Federal Practice & Procedure* § 1488 (3d ed. 2010) ("In most cases, delay alone is not a sufficient reason for denying leave."). To determine whether granting leave to amend will unduly prejudice the defendant, courts consider "the hardship to the moving party if leave to amend is denied, the reasons for the moving party failing to include the material to be added in the original pleading, and the injustice resulting to the party opposing the motion should it be granted." *Id.* at § 1487.

As for futility, an amendment would be futile if "the proposed claim would not survive a motion to dismiss." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996); *see In*

*re Interbank Funding Corp. Sec. Litig.*, 629 F.3d 213, 215–16 (D.C. Cir. 2010) (noting that a court's review of a motion to amend the complaint challenged on futility grounds is, "for practical purposes," identical to review of a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss). And to survive a Rule 12(b)(6) motion to dismiss, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A pleading that offers mere "labels and conclusions" will not do. *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Though legal conclusions "can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

### 2. *Plaintiffs Seek to Challenge the PTIN Renewal Requirement After Undue Delay*

The Court agrees with the Government that plaintiffs' request for leave to add a challenge to the PTIN renewal requirement was made after undue delay. *See* ECF No. 140 at 9–11. First, allowing plaintiffs to reintroduce a challenge to the PTIN renewal requirement more than five years after they omitted it from their amended complaint would unfairly prejudice the Government. A brief recounting of the case's procedural history shows why that is so.

Since mid-2015, when plaintiffs filed their amended complaint, they have focused *exclusively* on the legality and reasonableness of PTIN *fees*. *See* Am. Compl. (filed 8/7/2015). In September 2016, the parties cross-moved for partial summary judgment on the question of whether the IRS has statutory authority to charge class members a fee for the issuance and renewal of PTINs. ECF Nos. 66 & 67. After this Court held that the IOAA does *not* authorize the IRS to charge a fee for the issuance and renewal of PTINs, *Steele*, 260 F. Supp. 3d at 55–56, the D.C. Circuit reversed and held that the IRS *can* lawfully charge PTIN fees, *Montrois*, 916 F.3d at 1058. The D.C. Circuit then vacated the Court's judgment and remanded the matter for "an assessment

of whether the amount of the PTIN fee unreasonably exceeds the cost to the IRS to issue and maintain PTINS." *Id.* Since April 2019, the parties have been in discovery on that issue.

Today, plaintiffs seek to completely alter the course of this litigation by challenging the IRS's legal authority to even require class members to renew their PTINs in the first place. Resolving that issue will, of course, require that the parties halt discovery on the reasonableness of the fees charged for the issuance and renewal of PTINs and first litigate the threshold issue of whether the IRS can even require class members to renew their PTINs. It would be manifestly unjust to require the Government to defend this new theory of the case at this late hour.

Second, unlike plaintiffs' claim challenging the amount of PTIN fees charged in and after 2020 as excessive, which could not have been made in the initial or amended complaint, plaintiffs offer no valid reason for seeking to add a challenge to the PTIN renewal requirement more than *six years* after initiating the suit. *See* Compl. (filed 9/8/2014). They claim that after this Court's 2017 ruling on the parties' cross-motions for partial summary judgment, the IRS stopped requiring annual renewals. ECF No. 133-4 at 3. At this time, plaintiffs say, there was no need to seek leave to amend. *Id.* But even assuming that the IRS in fact did stop requiring renewals after this Court's 2017 ruling, this does not excuse plaintiffs' failure to include a challenge to the PTIN renewal requirement in their amended complaint, which they filed approximately *two years before* the IRS allegedly stopped requiring renewals.

Indeed, the fact that plaintiffs' initial complaint sought to enjoin the Treasury Department from requiring class members from renewing their PTINs shows that plaintiffs were well aware of this practice in 2015. *See* Compl. 32 (seeking an injunction prohibiting the Treasury Department "from asking [for] more information than is necessary to issue a PTIN[] and requiring [the Treasury Department] to ask for such necessary information only once"). *Id.* Yet when they

amended their complaint, plaintiffs omitted this request for relief. *See* Am. Compl. 15. Plaintiffs argue that challenging the PTIN renewal requirement in the initial complaint shows "good faith," which the Court should take into consideration. ECF No. 141 at 4. To the contrary, the fact that plaintiffs omitted this challenge from the amended complaint led the Government to believe, and rightly so, that this issue was no longer part of the suit.

Finally, any possible hardship imposed on plaintiffs by the Court's refusal to allow plaintiffs to add a claim challenging the PTIN renewal requirement cannot outweigh the prejudice to the Government and complete lack of justification for delaying more than five years to reintroduce this claim. Any resulting hardship should not come as a surprise to plaintiffs. As seen by the relief requested in their initial complaint, plaintiffs were well aware of the PTIN renewal requirement when they initiated this suit over six years ago. *See* Compl. 32. And as plaintiffs' counsel, Mr. Buckley, candidly admits, the choice to omit that claim from the amended complaint was an intentional decision made by Class Counsel over his objection. *See* ECF Nos. 131 at 3 n.1 & 136 at 1. Plaintiffs cannot claim to be unfairly burdened by the Court's refusal to allow them to add allegations they strategically chose to abandon over five years ago.

### 3. *Granting Plaintiffs' Leave to Amend with Respect to the PTIN Renewal Requirement Would Be Futile*

In any event, even if plaintiffs' request to add a challenge to the PTIN renewal requirement were timely, the Court would nevertheless deny it as futile. Plaintiffs' proposed second amended complaint includes a mere two paragraphs addressing the PTIN renewal requirement. ECF No. 139-1 at 15 & 17. First, plaintiffs wish to add the following paragraph to the First Claim, which challenges "Unlawful PTIN Fees":

> The plaintiffs are further entitled to a judgment declaring that a tax return preparer need apply for a PTIN only once, and that the application relating to a PTIN request only the information necessary to issue a PTIN, as was required before the IRS licensing scheme,

11

previously described, was implemented (i.e. name, Social Security number, date of birth and current address).

ECF No. 139-1 at 15.

Second, in the Prayer for Relief, plaintiffs seek to add a request for: "[a] judgment declaring that the IRS may only require a tax return preparer to make one filing to acquire and maintain a PTIN." ECF No. 139-1 at 17. Beyond these two conclusory statements, the complaint makes no mention of the legality of the PTIN renewal requirement. *See generally* ECF No. 139-1.

Because plaintiffs do not provide any factual allegations supporting their challenge to the PTIN renewal requirement, the Court finds that granting leave to add these two paragraphs would be futile. *See James Madison Ltd.*, 82 F.3d at 1099. Plaintiffs assert the naked legal conclusions that they are entitled to a judgment "declaring that a tax return preparer need apply for a PTIN only once" and that "the IRS may only require a tax return preparer to make one filing to acquire and maintain a PTIN." ECF No. 139-1 at 15 & 17. In so doing, plaintiffs twice state that they are *entitled* to relief, but provide no legal basis for *why* they are entitled to such relief. Indeed, it is telling that plaintiffs merely tack this conclusory request for relief onto their First Claim, titled "Unlawful PTIN *Fees*." ECF No. 139-1 at 14–15 (emphasis added). Without a "short and plain statement of the claim showing that the pleader is entitled to relief," these allegations would not survive a Rule 12(b)(6) motion to dismiss. Fed. R. Civ. P. 8(a); *see Iqbal*, 556 U.S. at 677–78. Accordingly, the Court finds that granting plaintiffs leave to add their proposed allegations challenging the PTIN renewal requirement to a second amended complaint would be futile.[5]

---

[5] Because the Court finds futility on the grounds that plaintiffs' proposed allegations challenging the PTIN renewal requirement would not survive a Rule 12(b)(6) motion to dismiss, it need not address the Government's alternative theory for why granting leave to amend would be futile. *See* ECF No. 150 at 5–9.

12

**B. The Court Will Deny Plaintiffs' Preliminary Injunction Motion**

The Court's resolution of plaintiffs' motion to file a second amended complaint, ECF No. 133, necessarily informs its resolution of plaintiffs' preliminary injunction motion, ECF No. 128. As explained above, plaintiffs seek to preliminarily enjoin the IRS from requiring class members to renew their PTINs. ECF No. 128-1. But because the Court will deny plaintiffs' request to add allegations challenging the PTIN renewal requirement to a second amended complaint, *see supra* Part II.A, plaintiffs' preliminary injunction motion seeks to preliminarily enjoin a practice that is not challenged in the operative complaint.[6]

Accordingly, the Court must deny plaintiffs' preliminary injunction motion because it cannot grant preliminary relief on claims not pleaded in the complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it."); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (per curiam) (affirming the denial of a preliminary injunction motion when the relief sought involved matters not pleaded in the complaint). As the Supreme Court has recognized, "[a] preliminary injunction is always appropriate to grant immediate relief *of the same character as that which may be granted finally*." *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) (emphasis added). Indeed, if a preliminary injunction motion seeks temporary relief on claims not pleaded in the complaint, the court will have no occasion to finally adjudicate those claims on the merits. *Cf. Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

---

[6] Nor was this practice challenged at the time plaintiffs filed their preliminary injunction motion, ECF No. 128. At that time, the operative complaint was the amended complaint, which challenged only the IRS's practice of charging *fees* for the issuance and renewal of PTINs, not the actual renewal requirement itself. *See* Am. Compl.

Here, because the Court rejects plaintiffs' request to add allegations challenging the PTIN renewal requirement to the second amended complaint, *see supra* Part II.A, the Court cannot preliminarily enjoin the IRS from requiring class members to renew their PTINs. If it did, the Court would have no occasion to finally adjudicate this claim on the merits. Thus, the Court must deny plaintiffs' preliminary injunction motion, ECF No. 128.

## IV. CONCLUSION

For the reasons explained above, the Court will **DENY** plaintiffs' preliminary injunction motion, ECF No. 128. It will further **GRANT IN PART** and **DENY IN PART** plaintiffs' motion to file a second amended complaint, ECF No. 133. The Court will allow plaintiffs to add only the allegations consented to by the Government, as indicated in ECF No. 139-1. Plaintiffs shall file a second amended complaint that complies with this Memorandum Opinion with the Clerk of Court within ten days.

An accompanying Order consistent with this Memorandum Opinion shall follow.

Date: December 4, 2020

_Royce C. Lamberth_
Hon. Royce C. Lamberth
United States District Judge