IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM STEELE,<br>BRITTANY MONTROIS, and<br>JOSEPH HENCHMEN, on behalf of<br>themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>UNITED STATES OF AMERICA,<br><br>      Defendant. | Case No. 1:14-cv-1523 |

**ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**

The defendant, the United States of America, answers plaintiffs' second amended complaint (Dkt. No. 148) as follows:

FIRST DEFENSE

Federal subject matter jurisdiction does not exist in this matter for the monetary recovery, as restitution or damages, of PTIN fees paid, including that the sovereign immunity of the United States has not been waived for monetary relief under the Administrative Procedure Act. 5 U.S.C. § 702 (only allowing an action "seeking relief other than money damages").

SECOND DEFENSE

Neither subject matter jurisdiction nor proper venue support plaintiffs' purported class action for monetary relief under their illegal exaction, or any other, claim. 28 USC 1346(a) & 1402(a).

THIRD DEFENSE

The complaint fails to state a claim upon which relief can be granted, and should be dismissed under Federal Rule of Civil Procedure 12(b)(6).

FOURTH DEFENSE

The Amended Class Action Complaint begins with three unnumbered, introductory paragraphs that appear to generally describe the factual and legal bases for their claims. The United States denies the allegations contained therein except as expressly admitted elsewhere in this answer.

FIFTH DEFENSE

On June 1, 2017, the Court held that the Internal Revenue Service lacked the legal authority to charge fees for issuing PTINs, and entered an order enjoining the agency from charging any fee to issue or renew a PTIN. Dkt. No. 79. The United States moved for a stay of the Court's order pending appeal in part because of the financial harm resulting from enjoining the Internal Revenue Service from charging a PTIN pending appeal. Dkt. No. 84. The Court denied the United States request for a stay because it was not convinced that the government would be unable to recoup its losses if it prevailed on appeal. Dkt. No. 95 ("First off, the Court is not convinced that the government will be unable to recoup uncollected fees should they ultimately prevail. While it might not be easy, the government is unable to say with absolute certainty that a restitution claim would not be viable."). On March 1, 2019, the D.C. Circuit reversed this Court's decision, holding that the Internal Revenue Service has the authority under the Independent Office of Appropriations Act to charge a fee for the issuance and renewal of PTINs. *Montrois, et al., v. United States*, 916 F.3d 1056, 1067 (D.C Cir. 2019). The United States contends that any recovery by the plaintiffs must be offset by the amount the Internal Revenue Service would have collected in PTIN issuance and renewal fees had it not been enjoined.

The United States responds to the numbered paragraphs of plaintiffs' amended complaint as follows:

### Parties

1. The United States admits that Adam Steele has paid PTIN user fees, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1.

2. The United States admits that the IRS did not issue any notices or refund of PTIN user fees to Mr. Steele, but otherwise denies the allegations of Paragraph 2.

3. The United States admits that Brittany Montrois has paid PTIN user fees, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 3.

4. The United States admits that Joseph Henchman has paid PTIN user fees, but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 4.

### Jurisdiction and Venue

5. Paragraph 5 consists only of statements and conclusions of law to which no response is necessary. To the extent a response is required, the United States denies the allegations contained in Paragraph 5.

6. Paragraph 6 consists only of statements and conclusions of law to which no response is necessary. To the extent a response is required, the United States denies the allegations contained in Paragraph 6.

### Factual Allegations

7. Paragraph 7 contains only plaintiffs' definition of "tax return preparer" to which

no response is necessary. To the extent a response is required, the United States denies the allegations contained in the first sentence of Paragraph 7 as incomplete and avers that the correct definition of "tax return preparer" is contained in 26 C.F.R. § 1.6109-2(g). The United States denies the allegations in the second sentence of Paragraph 7.

8. The United States admits that the Sixteenth Amendment to the United States Constitution gave Congress the power to "lay and collect income taxes," but otherwise lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 8.

9. The United States admits the content of the allegations in Paragraph 9, but clarifies that they are codified in 26 U.S.C § 6109(a)(4).

10. The United States admits that beginning in 1999, the IRS began issuing PTINs to return preparers who requested them, and admits the remaining allegations in Paragraph 10.

11. The United States admits the allegations in the first sentence of Paragraph 11 and denies the allegations in the second sentence of Paragraph 11.

12. The United States denies the allegations in Paragraph 12.

13. The United States admits that Publication 4832 recommended registration, testing, and continuing education requirements, and suggested the possibility of a triennial "reasonable, nonrefundable fee to register as a tax return preparer," but denies that those recommendations completely describe Publication 4832. The United States also denies that the Return Preparer Review was unilaterally launched by former IRS Commissioner Douglas Shulman.

14. The United States admits that the IRS and Treasury Department promulgated regulations in 2010 and 2011 (T.D. 9501, T.D. 9503, T.D. 9527) that

implemented some of the recommendations made in the Return Preparer Review, but denies the remaining allegations of Paragraph 14.

15. The United States denies the allegations in the first sentence of Paragraph 15. The United States admits the allegations in the second sentence of Paragraph 15. The United States admits that regulations relating to testing and continuing education went into effect in 2011 but otherwise denies the allegations of Paragraph 15.

16. The United States admits the quoted language of Paragraph 16, but denies the remaining allegations.

17. The United States admits the allegations of Paragraph 17.

18. The United States denies the allegations in the first and fifth sentences of Paragraph 18 and admits the remaining allegations of Paragraph 18 to the extent that they refer to the 2011 amendments to Circular 230, otherwise, denied.

19. The United States admits that, beginning in 2010, any individual who is paid for preparing or assisting in preparing all or substantially all of a tax return or claim for refund must obtain a PTIN. The United States further admits that the IRS charges a $50 fee to issue or renew a PTIN and that a PTIN must be renewed annually. The United States denies the remaining allegations of Paragraph 19.

20. The United States admits that, prior to 2010, tax return preparers were not required to obtain a PTIN and pay an associated user fee to obtain or renew a PTIN. The United States further admits that, prior to 2010, the IRS requested an applicant's name, address, social security number, and date of birth to issue a PTIN. The United States denies the remaining allegations of Paragraph 20.

21.     The United States admits that from 2011 through 2015 the PTIN user fee was $50, and that a third-party vendor charged $14.25 for new applications and $13 for renewal applications, but denies the remaining allegations of Paragraph 21.

22.     The United States admits that the fee includes costs associated with the development and maintenance of the IRS information technology system, as well as customer support activity and suitability and compliance checks, but denies that those activities completely describe those included in the fee and further denies that no further breakdown of the costs or cost analysis was provided.

23.     The United States denies the allegations of Paragraph 23.

24.     The United States admits the allegations of Paragraph 24.

25.     The United States lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the plaintiffs' method of receipt of PTINs. The United States admits the remaining allegations of Paragraph 25.

26.     The United States admits the allegations of Paragraph 26.

27.     The United States admits that the D.C. Circuit issued its decision in Loving in 2014, but denies the remaining allegations in that the Loving opinion speaks for itself.

28.     The United States denies the allegations of Paragraph 28.

29.     The United States denies the allegations of Paragraph 29.

30.     The United States admits the allegations of Paragraph 30.

31.     The United States admits the allegations of Paragraph 31.

32.     The United States admits the allegations of Paragraph 32.

33.     The United States admits the allegations of Paragraph 33.

## Class Action Allegations

34. Paragraph 34 consists of a description of plaintiffs' complaint to which no response is required; to the extent a response is required the United States admits that Paragraph 34 states the Parts of Federal Rule of Civil Procedure 23 under which plaintiffs seek class certification in this case.

35. Paragraph 35 consists of a description of the plaintiffs' complaint to which no response is required; to the extent a response is required, the United States admits that Paragraph 35 contains a recitation of the proposed class plaintiffs seek to represent in this case.

36. The United States denies the allegations of Paragraph 36.

37. The United States denies the allegations of Paragraph 37.

38. The United States denies the allegations of Paragraph 38.

39. The United States denies the allegations of Paragraph 39.

40. The United States denies the allegations of Paragraph 40.

41. The United States denies the allegations of Paragraph 41.

42. The United States denies the allegations of Paragraph 42.

## Causes of Action

### FIRST CLAIM
### (Unlawful PTIN fees)

43. The United States denies the allegations of Paragraph 43.

44. The United States denies the allegations of Paragraph 44.

45. The United States denies the allegations of Paragraph 45.

46. The United States denies the allegations of Paragraph 46.

47. The United States denies the allegations of Paragraph 47.

48. The United States denies the allegations of Paragraph 48.

49. The United States denies the allegations of Paragraph 49.

## SECOND CLAIM
### (Excessive PTIN Fees for the Period 2010-2017)

50. The United States denies the allegations of Paragraph 50.

51. The United States denies the allegations of Paragraph 51.

52. The United States denies the allegations of Paragraph 52.

53. The United States denies the allegations of Paragraph 53.

54. The United States denies the allegations of Paragraph 54.

## THIRD CLAIM
### (Excessive PTIN Fees for the Period 2020 and Thereafter)

55. The United States denies the allegations of Paragraph 55.

56. The United States denies the allegations of Paragraph 56.

57. The United States denies the allegations of Paragraph 57.

58. The United States denies the allegations of Paragraph 58.

59. The United States denies the allegations of Paragraph 59.

**Prayer for Relief**

WHEREFORE, having fully answered the allegations of the complaint, the defendant respectfully prays as follows:

A. For judgment in its favor, denying the relief sought in the complaint and dismissing the claims with prejudice;

B. That the defendant recover its attorneys' fees and costs incurred in defending this civil action; and,

C. For such other and further relief as the court may deem to be just and appropriate.

| | |
|---|---|
| Dated:  May 28, 2021 | DAVID A. HUBBERT<br>Acting Assistant Attorney General<br><br>*/s/ Stephanie A. Sasarak*<br>STEPHANIE A. SASARAK<br>JOSEPH A. SERGI<br>CHRISTOPHER J. WILLIAMSON<br>JOSEPH E. HUNSADER<br>EMILY K. MILLER<br>Trial Attorneys<br>U.S. Department of Justice, Tax Division<br>Post Office Box 227<br>Ben Franklin Station<br>Washington, D.C.  20044<br>Tel:  (202) 305-0868<br>Facsimile:  (202) 514-6866 |

CERTIFICATE OF SERVICE

I hereby certify that the foregoing ANSWER TO AMENDED CLASS ACTION COMPLAINT was filed with the Court's ECF system on May 28, 2021, which system serves electronically all filed documents on the same day of filing to all counsel of record.

/s/ *Stephanie A. Sasarak*
STEPHANIE A. SASARAK
Trial Attorney U.S. Dept. of Justice