# EXHIBIT BG

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DISTRICT OF COLUMBIA

| | |
|---|---|
| ADAM STEELE, <br> BRITTANY MONTROIS, and <br> JOSEPH HENCHMAN, <br>     Plaintiffs, <br>     v. <br> UNITED STATES OF AMERICA, <br>     Defendant. | Case No. 1:14-cv-1523-RSL |

## UNITED STATES' AMENDED ANSWERS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the United States hereby responds to the Plaintiffs' Fourth Set of Interrogatories (*i.e.,* No. 25) as follows:

**Interrogatory No. 25**: State all facts, applicable legal theories, and documents in support of [y]our denial of the allegations in Paragraph 53 of the Complaint.

**Note**: The United States admitted Paragraph 53 of the Complaint (Dkt No. 1). Accordingly, it construes this interrogatory as asking about Paragraph 53 of the Second Amended Complaint (Dkt. No. 148).

**Paragraph 53 of the Second Amended Complaint**: "The plaintiffs are entitled to a judgment declaring that the fees charged during the period 2010-2017 for the issuance and renewal of a PTIN are excessive."

**Response**: The United States denied paragraph 53 because under Section 9701 the amount of the PTIN fee is proper. The United States has conceded certain costs that, while reasonable and not excessive at the time they were charged, have since been

determined to be beyond the IRS's statutory authority. *Loving v. IRS,* 742 F.3d 1013 (D.C. Cir. 2013). The following amounts have been approved by the appropriate delegate of the Attorney General:

|       | FY2014      | FY2015      | FY2016      | FY2017      |
|-------|-------------|-------------|-------------|-------------|
| Total | $8,737,123  | $9,010,460  | $6,904,343  | $6,784,763  |

Agencies are statutorily permitted to charge fees for a service or thing of value provided by the agency. 31 U.S.C. § 9701. The amount of a fee is the cost to the government of providing the service to identifiable recipients of the benefit. The PTIN fee is based on costs to the government of providing the PTIN service as allowed under Section 9701. OMB Circular A-25 requires that the user fee recover the full cost, including direct and indirect costs in providing that service. *Nat'l Cable Television Ass'n v. F.C.C.*, 554 F.2d 1094, 1108 (1976). The fees are within the reasonable approximation of the costs. *Id.; accord. Miss. Power & Light Co. v. U.S. Nuclear Regul. Comm'n*, 601 F.2d 223, 230 (5th Cir. 1979). The fees were not arbitrary, capricious, an abuse of discretion, or otherwise contrary to law. *Am. Trucking Ass'n, Inc. v. United States*, 627 F.2d 1313, 1320-21 (D.C. Cir. 1980). The parties are before this Court to determine only "whether the amount of the PTIN fee *unreasonably* exceeds the *costs to the IRS* to issue and maintain PTINs." *Montrois v. United States*, 916 F.3d 1056, 1058 (D.C. Cir. 2019) (emphasis added). The district court must determine "whether the amount of the fee is reasonable and consistent with the Independent Offices Appropriations Act." *Id*. at 1068

The facts and documents that support the above denial include, but are not limited to, the records identified in Dkt. No. 45, the 2010, 2013 and 2015 Cost Models (USA-0008461, USA-0008459, USA-0008460), the RPO Monthly Budget Updates (e.g., USA-0012613), the declarations that the United States voluntarily provided in this matter, the deposition testimony and exhibits in this matter, and that the United States has made certain concessions and transferred certain funds to Plaintiffs' escrow account in 2020 and 2021.

## Verification of Answers

In accordance with Federal Rule of Civil Procedure 33(b)(3) and 28 U.S.C. § 1746, I verify under penalty of perjury under the laws of the United States of America that the answers to the foregoing interrogatories are true and correct.

Dated: February 18, 2022         *Michael A. Franklin*
                                 Michael A. Franklin
                                 Attorney, Office of Chief Counsel
                                 Internal Revenue Service

Dated:  February 18, 2022	DAVID A. HUBBERT
	Deputy Assistant Attorney General


	*/s/ Stephanie A. Sasarak*
	STEPHANIE A. SASARAK
	JOSEPH A. SERGI
	EMILY K. MILLER
	BENTON T. MORTON
	JOSEPH E. HUNSADER
	Trial Attorneys
	U.S. Department of Justice
	Tax Division
	Post Office Box 227
	Ben Franklin Station
	Washington, D.C.  20044
	Tel:  (202) 514-0472
	Facsimile:  (202) 514-6866

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing UNITED STATES' AMENDED ANSWERS TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES was served on February 18, 2022 by email to the following:

William H. Narwold
MOTLEY RICE LLC
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT 06103

Meghan Oliver
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464

Allen Buckley
The Law Office of Allen Buckley LLC
2802 Paces Ferry Road
Suite 100-C
Atlanta, GA 30339

/s/ Stephanie A. Sasarak
Stephanie A. Sasarak
Trial Attorney U.S. Dept. of Justice