## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ADAM STEELE**, *et al.*, | |
| *Plaintiffs,* | |
| **v.** | **Case No. 1:14-cv-01523-RCL** |
| **UNITED STATES OF AMERICA**, | |
| *Defendant.* | |

### MEMORANDUM OPINION

This case involves a class action against the United States of America regarding purportedly excessive tax identification number ("PTIN") fees. Plaintiffs—a group of individuals who have paid these fees—move this Court to compel the government to produce two sets of discovery materials: a set of over 1,300 documents withheld based on the deliberative process privilege, ECF No. 163, and more specific answers to certain interrogatories, ECF No. 167. For the below reasons, the Court will **DENY** both motions.

## I.    BACKGROUND

The Court has outlined the factual and procedural background of this case previously but will briefly reiterate the facts here. *See*, *e.g.*, *Steele v. United States*, No. 1:14-cv-1523 (RCL), 2020 WL 7123100 (D.D.C. Dec. 4, 2020). Between 2000 and 2010, the Internal Revenue Service ("IRS") issued over one million voluntary PTINs to tax return preparers for free. Mot. for Summ. J. 4, ECF No. 175. These PTINs were unrequired and largely unregulated before 2010. *Id.* In 2009, the IRS began regulating tax return preparers in earnest to solve the issue of "incompetent and unscrupulous preparers." *Id.* at 5. This new program was funded by PTIN fees. *Id.*

1

Plaintiffs in this case are a certified class of "individuals and entities who have paid an initial and/or renewal fee for a PTIN." ECF No. 63. In 2014, they filed a class action alleging that the Department of the Treasury ("the Treasury") and IRS lacked statutory authority to charge a fee for PTIN issuance and renewal. Compl. ¶ 30, ECF No. 1. They claimed that even if charging a fee is lawful, the amount charged is excessive. *Id.* Plaintiffs sought declaratory relief, injunctive relief, and restitution. *Id.* at ¶ 30–31. Plaintiffs amended their complaint after it was consolidated with another related action. Am. Compl., ECF No. 41.

Both parties moved for partial summary judgment on the issue of whether the IRS had statutory authority to charge a fee for PTIN issuance and renewal. ECF Nos. 66 & 67. This Court ultimately determined that although the IRS could lawfully require the exclusive use of PTINs by tax preparers, they are not authorized to charge a fee for their issuance or renewal. *Steele v. United States*, 260 F. Supp. 3d, 62–67 (D.D.C. 2017). Consequently, the Court issued a permanent injunction against the IRS, prohibiting them from charging PTIN fees, and ordered them to refund class members for PTIN fees already paid. Final J. and Perm. Inj., ECF No. 82.

On appeal, the D.C. Circuit held that the IRS *was* within its authority to charge the PTIN fees. *Montrois v. United States*, 916 F.3d 1056, 1058 (D.C. Cir. 2019). Accordingly, the Circuit vacated and remanded this Court's judgment. *Id.* The remaining issue before this Court is whether the amount charged for PTINs is excessive. *Id.*

Plaintiffs have now filed two motions to compel discovery. The first is a motion to compel information that the IRS withheld under a claim of deliberative process privilege. Pls.' Mot. to Compel ("Pls.' First Mot."), ECF No. 163. Plaintiffs argue that the government has failed to meet the requirements for invoking the deliberative process privilege. *Id.* The government responded,

Def.'s Resp. in Opp'n ("Def.'s First Opp'n"), ECF No. 166., and plaintiffs replied. Pls.' Reply ("Pls' First Reply"), ECF No. 169.

The second motion asks this Court to compel the government to fully respond to plaintiffs' third set of interrogatories pursuant to Fed. R. Civ. P. 37(a)(3)(B). Pls.' Mot. to Compel ("Pls.' Second Mot."), ECF No. 167. Plaintiffs argue that the government failed to sufficiently respond to their third set of interrogatories that were sent to the government via email. *Id.* at 1. The government argues that (1) the third set of interrogatories are not relevant, and (2) the government has sufficiently responded to plaintiffs' interrogatories. Def's Resp. in Opp'n ("Def.'s Second Opp'n"), ECF No. 171. Plaintiffs replied. Pls.' Reply ("Pls.' Second Reply"), ECF No. 172. These motions are now ripe.

After reviewing the filings, and the record herein, the Court will **DENY** both motions to compel.

## II.   LEGAL STANDARD

"When a party objects to a discovery request, the requesting party may—after first attempting to resolve the issue by conferring with the refusing party—file a motion to compel." *Lamaute v. Power*, 339 F.R.D. 29, 35 (D.D.C. 2021). Federal Rule of Civil Procedure 37 permits a party to file a motion to compel discovery if, *inter alia*, the opposing party "fails to answer to an interrogatory submitted under Rule 33" or "fails to produce documents . . . requested under Rule 34." Fed. R. Civ. P. 37(a)(1), (a)(3)(B)(iii)-(iv). An incomplete answer or response is treated as a failure to respond. Fed. R. Civ. P. 37(a)(4).

The moving party bears the initial burden to show that the requested information is relevant. *Lamaute*, 339 F.R.D. at 35. Relevance is construed broadly in the discovery context as "any matter that bears on, or that reasonably could lead to other matter that could bear on any

party's claim or defense." *United States ex rel. Shamesh v. CA, Inc.*, 314 F.R.D. 1, 8 (D.D.C. 2016). After establishing relevance, "the burden shifts to the party opposing discovery to show why the discovery should not be permitted." *Lamaute*, 339 F.R.D. at 35. That showing must be "specific" and "detailed." *Id.*

## III.   DISCUSSION

### A.   Plaintiffs' First Motion To Compel

Plaintiffs first move to compel documents that the government withholds based on the deliberative process privilege. Pls.' First Mot. 1. Plaintiffs' request for relief is far too broad and ill-defined: they fail to identify the entries where the government did not properly invoke its privilege and instead ask this Court to compel *all* documents withheld under the deliberate process privilege. Because it is unclear which documents plaintiffs even seek, the Court will **DENY** plaintiffs' first motion to compel.

#### 1.   The Requested Discovery Is Relevant

To begin, the Court rejects the government's argument that materials plaintiffs seek here are not relevant. Def.'s First Opp'n 1–2. Plaintiffs seek documents related to the IRS's considerations in implementing the PTIN program, including discussions of charging potential fees from before the PTIN program was implemented. *Id.* As the government acknowledges, the ultimate issue on remand is whether the PTIN fees are reasonable or arbitrary and capricious. *Id.* Information regarding the IRS's decisionmaking process and any previous analysis plainly "bears on or . . . could lead to other matter that could bear on" this issue. *Shamesh*, 314 F.R.D. at 8. Accordingly, the burden shifts to the government to withhold these documents.

#### 2.   The Court Will Not Grant Plaintiffs' Blanket Motion For All Documents

The government withheld 1,362 documents on the basis of the deliberative process privilege, as identified in their privilege log. Def's First Opp'n 1. Plaintiffs claim that defendants have not properly asserted the privilege for a single one of the documents.  The Court cannot agree.

The deliberative process privilege protects certain documents from discovery requests: "advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *Convertino v. U.S. Dep't of Just.*, 674 F. Supp. 2d 97, 101 (D.D.C. 2009) (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997) (quoting *Carl Zeiss Stiftung v. V.E.B. Carl Zeiss, Jena*, 40 F.R.D. 318, 324 (D.D.C. 1966))). The ultimate purpose of the privilege is to prevent injury to the quality of agency decisions by allowing government officials the freedom to debate alternative approaches in private. *Cobell v. Norton*, 213 F.R.D. 1, 4 (D.D.C. 2003). To exercise this privilege, the withholding party must show that the withheld information is both "predecisional" and "deliberative." *Id.* (citing *In re Sealed Case*, 121 F.3d 729, 737 (D.C. Cir. 1997)).

To qualify as predecisional, a document must be "prepared in order to assist an agency decisionmaker in arriving at his decision, rather than to support a decision already made." *Id.* at 4 (citing *Petroleum Info. Corp. v. U.S. Dep't of the Interior*, 976 F.2d 1429, 1434 (D.C. Cir. 1992). To qualify as deliberative, the withholding party must show that there was a process of decision making in which the document or information at issue played a role. *Id.* (citing *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 868 (D.C. Cir. 1980)).  Additionally, in this Circuit proper invocation of the deliberative process privilege requires: (1) a formal claim of privilege by the head of the department possessing control over the requested information, (2) an assertion of the privilege based on actual personal consideration by that official, and (3) details regarding the

information for which the privilege is claimed, along with an explanation why it properly falls within the scope of the privilege. *Id.* at 7.

In their motion, plaintiffs argue that the government's three privilege logs provide only "boilerplate descriptions" of the documents withheld that do not fulfill the government's burden in asserting the deliberative process privilege. Pls.' First Mot. 1. As a result of the government's alleged failure to assert the privilege, plaintiffs seek an incredible remedy: they ask this Court to compel the government to produce every single document withheld under the deliberative process privilege alone. Pls.' First Mot. 8: *see* ECF No. 163-1. Plaintiffs' compact motion shuns individual analysis of the documents in question, instead taking a blanket approach where one bad privilege log entry spoils the bunch.

Furthermore, it is insincere of plaintiffs to argue that the government has failed to meet its burden in asserting the privilege for *every* privilege log entry, given the declaration by Deputy Associate Chief Counsel Richard Goldman that details why twenty-six of the log entries were withheld (the twenty-six documents plaintiffs identified as deficient in their communications to the government.). Richard Goldman Decl. ¶ 12, ECF No. 166-4. So the Court cannot deny all of the government's claims of deliberative process privilege in one fell swoop.

And even a cursory review of the government's privilege logs illustrates that many entries are properly constructed and do support the government's claim of deliberative process privilege. *See, e.g.,* ECF No. 163-3 at 33–34. Take, for example, plaintiffs' challenge to a number of records, each described as a "draft document related to agency decisionmaking regarding [Annual Filing Season Program] implementation and risks." Pls.' First Mot. 5–6. The privilege log indicates the date of these entries, the topic of discussion, the fact that these documents were a draft, who drafted them (Booz Allen Hamilton), and who they were sent to. *See* ECF No. 136-3. The D.C. Circuit

has explained that the "nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and the relative positions in the agency's chain of command occupied by the document's author and recipient" can assist the court in determining whether the deliberative process privilege applies. *Khatchadourian v. Def. Intel. Agency*, No. 1:16-cv-311-RCL, 2022 WL 971206, at *12 (D.D.C. Mar. 31, 2022). The government has provided that information here. The United States also confirmed that the information withheld was not shared with the public and did not memorialize a final IRS policy. Def.'s First Opp'n 8. The fact that the language the government uses to describe the records is repetitive, without more, does not waive its privilege.

Plaintiffs also request the production of a "2012 user-fee cost model" that they allege was "linked to and incorporated into a 2013 user-fee cost model." Pls.' First Mot. 7. They argue that an individual who prepared the 2013 cost model testified that the model included "inherited" data from the 2012 cost model, and therefore the cost model was "adopted by the agency" and is not predecisional. *Id.* To start, this Court's review of the testimony of the individual in question reveals different responses: Christopher Kurtz expressed specific confusion about the graphs in the 2013 user fee cost model, noted that he "d[id]n't know" if the 2012 and 2013 cost models were "automatically linked," and explained that the "graphs" and "budget exhibits" were carried over from the 2012 model—not the data. *See* ECF No. 163-8. And the fact that the 2012 user-fee cost model includes factual data is not dispositive: factual information "may be protected if 'the manner of selecting or presenting those facts would reveal the deliberative process.'" *Cobell*, 213 F.R.D. at 6 (quoting *Ryan v. Dep't of Just.*, 617 F.3d 781, 790 (D.C. Cir. 1980). The government explains that the 2012 cost model involves a "preliminary analysis conducted during an off year review," with the 2013 cost model as the final agency action. ECF No. 163-9 at 3.

Because plaintiffs did not produce "a set of objections that identifies each log entry" that they challenge and because this Court cannot agree that *each* log entry is insufficient—especially given Goldman's accompanying declaration—plaintiffs are essentially asking this Court to engage in an entry-by-entry analysis of the privilege log to evaluate whether the government has fulfilled its burden. *United Affiliates Corp. v. United States*, 154 Fed. Cl. 335, 341 (2021). This is "certainly not the Court's responsibility." *Id.* In fact, at least one other court has held that when plaintiffs fail to identify specific log entries they challenged and provide only "exemplar" deficient log entries isntead, their challenges are not yet ripe. *Id.* The movants in cases that plaintiffs cite confirm the notion that they must object with some specificity: In *Department of the Treasury v. Pension Benefit Guaranty Corporation*, for example, the plaintiffs filed a detailed list of *each* document they were seeking. 222 F. Supp. 3d 38, 41 (D.D.C. 2016).

Accordingly, the plaintiffs' first motion to compel is **DENIED**.

### B.  Plaintiffs' Second Motion

Plaintiffs next move this Court to compel the government to supply "complete" answers to the questions included in their third set of interrogatories. ECF No. 167-1. The interrogatories in question ask what percentage of "work time" certain employees spent dedicated to specific PTIN-related tasks. *See* ECF No. 167-3. The government argues that the information is irrelevant and, more importantly, that the specific information does not exist—not all IRS employees keep contemporaneous time records. Def.'s Second Opp'n 11. For the below reasons, the Court will **DENY** plaintiffs' second motion to compel.

### 1.  The Information Sought by Plaintiffs in Their Third Set of Interrogatories is Relevant to the Parties' Claims and Defenses in this Case

The relevance bar for discovery material is low, requiring only that the information sought may have some bearing on proving either party's claim or defense. *Shamesh*, 314 F.R.D. at 8.

Here, plaintiffs' remaining claim challenges whether the PTIN fees issued by the government are reasonable, and this involves determining whether the amount of the PTIN fee "unreasonably exceeds the costs to the IRS to issue and maintain PTINs." *Montrois*, 916 F.3d at 1058.

The Court has no doubt that the information plaintiffs seek meets the standard for relevance. Plaintiffs request documents related to the time allocated by IRS employees on PTIN-related tasks. ECF No. 167-3. Because reasonableness in this case involves whether the fees unreasonably exceed the costs to the IRS for PTIN issuance and maintenance, the time allocated by IRS employees on PTIN-related tasks (and so the relevant portions of their salaries) absolutely bears on figuring out whether this cost to the IRS is exceeded by the PTIN fee. *Montrois*, 916 F.3d at 1058.

### 2.  The Court Cannot Compel the Government to Produce Information it Does Not Have

Although the information requested by plaintiffs in their third set of interrogatories is relevant, the Court cannot compel the government to produce materials that it does not possess or information it does not have. *See U.S. ex rel Fago v. M & T Mortg. Corp.*, 235 F.R.D. 11, 19 (D.D.C. 2006). While plaintiffs assert that the government's responses to its third set of interrogatories are insufficient, Pls.' Second Mot., the government is correct in their observation that plaintiffs are not looking for a response; they are looking for a different response. Def.'s Second Opp'n 1.

It is acceptable for parties to respond to interrogatories by stating that they are unable to provide certain information sought while identifying the information they possess. *M & T Mortg. Corp.*, 235 F.R.D. at 19. The government has already provided plaintiffs with numerous declarations from various employees regarding staffing and PTIN work, including some time allocation breakdowns. *Id.* at 10. However, not all employees kept contemporaneous time records.

9

*Id.* The government contends that if the information sought by plaintiffs is not included in those materials already provided, it does not exist. *Id.*

The Court acknowledges that the government should have stated the nonexistence of this information more clearly in their actual interrogatory answers, instead of in their response to plaintiffs' letter alleging deficiencies. Still, while plaintiffs argue that this information "exists in the brains of IRS employees and former employees," Pls.' Second Mot. 1, the Court agrees with the government that forcing employees and former employees to produce a detailed record of time spent on PTIN tasks over the last ten years based on memory alone is absurd. Def.'s Second Opp'n 11.

Plaintiffs cite two cases that they believe should lead the Court to compel the government to somehow provide these interrogatory answers. In *Wolfe v. Churray*, a District of South Carolina court explained that a blanket "I do not remember" statements used by defendants to answer numerous interrogatories were unacceptable. Order, *Wolfe v. Churray*, No. 4:20-cv-244 (JD) (TER) (D.S.C. April 1, 2021), ECF No. 275.  Similarly, in *Collins v. Grey Hawk Transportation*, a District of New Mexico court compelled the plaintiff to "rack his memory" to respond to interrogatories requesting information about communications he had with others about hist past injuries. 2021 WL 3931131, No. 20-cv-869 (JHC) (CG), at *5 (D.N.M Sept. 2, 2021).

These cases are not persuasive. To start, the government does not contend it cannot "remember" the answers to certain interrogatories—it contends there are no records to answer plaintiffs' questions. Def.'s Second Opp'n 10. Additionally, the government here already *has* performed the equivalent of "racking [its] brain." The government pointed plaintiffs towards information already provided that would answer the interrogatories, *see, e.g.,* ECF No. 167-8 at 12—information including declarations of current and former directors at the IRS who discussed

"the cost and work done by each directors' department," substantiated by "contemporaneous documents, interviews with other employees, and a review of the IRS systems and procedures." Def.'s Second Opp'n 11.  It is worth noting that there are some IRS employees who *have* been able to produce these time details for plaintiffs, and when the government had this information, it disclosed it. Pls.' Second Reply 6. But the Court cannot compel the government to produce what it does not have.

Although the information sought by plaintiffs is relevant, the Court will **DENY** plaintiffs' motion to compel the government to answer their third set of interrogatories, Pls.' Second Mot., because the government does not have the requested information.

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENY** the plaintiffs' motion to compel information withheld by the government under deliberative process privilege and **DENY** the plaintiffs' motion to compel the government to fully answer plaintiffs' third set of interrogatories.

Date: July 15, 2022

Hon. Royce C. Lamberth
United States District Judge