IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated,<br>   *Plaintiffs*,<br><br> v.<br><br>United States of America,<br>   *Defendant*. | Civil Action No.: 1:14-cv-01523-RCL |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR PARTIALLY UNOPPOSED MOTION FOR LEAVE TO FILE A SURREPLY**

  Defendant does not oppose Plaintiffs' motion for leave to file a surreply on additional concessions that it has made, opposing only Plaintiffs' request for leave to file a surreply on issues related to the authorization of the Accenture fee. It claims to be prejudiced by "Plaintiffs' tiresome desire for endless briefing," ECF 212 at 3, without explaining why that prejudice is present as to a one-page argument on the issue of whether the IRS properly exercised its authority under the IOAA in charging the Accenture portion of the PTIN fee, but not as to a one-page argument on the belated concessions.[1]

  In its reply, the IRS argues for the first time that Plaintiffs can only challenge the IRS's authority to charge part of the Accenture fee, but not its authority to charge the whole Accenture fee. ECF 203 at 18-19. It also argues for the first time that Plaintiffs' complaint does not challenge the IRS's authority to charge the Accenture fee, but also that despite the alleged

---

[1] The IRS suggests that the issues Plaintiffs wish to address on surreply have shifted or multiplied. They have not. The proposed surreply Plaintiffs filed with the Court (ECF 211-3) is identical to the one Plaintiffs sent to Defendant as part of the L.R. 7(m) meet-and-confer process.

1

omission, *Montrois* already decided the issue. *Id.* at 3, 19. Plaintiffs could not have addressed or foreseen these arguments in their opposition. Their short proposed surreply responds to those arguments, the argument that the regulation does include the Accenture portion of the fee, and the new concessions. It does not rehash arguments already made and would aid the Court in deciding the question of whether the IRS properly exercised its authority under the IOAA in charging a user fee without a regulation.

Dated:  July 22, 2022

Respectfully submitted,

*/s/ William H. Narwold*
MOTLEY RICE LLC
William H. Narwold
bnarwold@motleyrice.com
DC Bar No. 502352
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone: (860) 882-1676
Facsimile: (860) 882-1682

MOTLEY RICE LLC
Meghan S.B. Oliver
moliver@motleyrice.com
Charlotte Loper
cloper@motleyrice.com
Ebony Bobbitt
ebobbitt@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Class Counsel*

LAW OFFICE OF ALLEN BUCKLEY LLC
Allen Buckley
ab@allenbuckleylaw.com
2727 Paces Ferry Road, Suite 750

Atlanta, GA  30339
Telephone: (678) 981-4689
Facsimile: (855) 243-0006

GUPTA WESSLER PLLC
Deepak Gupta, Esq.
deepak@guptawessler.com
Jonathan E. Taylor
jon@guptawessler.com
2001 K Street, NW
North Tower, Suite 850
Washington, DC  20006
Telephone:  (202) 888-1741
Facsimile:  (202) 888-7792

CAPLIN & DRYSDALE, CHARTERED
Christopher S. Rizek, Esq.
crizek@capdale.com
One Thomas Circle, NW, Suite 1100
Washington, DC  20005
Telephone:  (202) 862-8852
Facsimile:  (202) 429-3301

*Additional Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 22, 2022 I electronically filed Plaintiffs' Reply in Support of Their Partially Unopposed Motion for Leave to File a Surreply. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated:  July 22, 2022                              */s/ William H. Narwold*
                                                                       William H. Narwold