**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Adam Steele, Brittany Montrois, and Joseph Henchman on behalf of themselves and all others similarly situated, <br>       *Plaintiffs*, <br><br> v. <br><br> United States of America, <br>       *Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Civil Action No.: 1:14-cv-01523-RCL |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 185)**

Beginning in October 2022, the fee to obtain or renew a 2023 PTIN is $30.75, reduced by $5.20 from $35.95. Ex. A at 1, 2 (PTIN application information on irs.gov); Ex. B at 3 (Form W-12 for PTIN registration and renewal); Ex. C at 4 (Instructions for Form W-12). Of the PTIN fee effective from August 17, 2020 through 2022, $21 of the $35.95 fee was paid to the IRS. 26 C.F.R. § 300.11. Plaintiffs request that the Court take judicial notice of the $30.75 PTIN fee, which became effective (i.e., payable) in the fall of 2022 for PTINs effective in 2023. *See* Fed. R. Evid. 201(b), (d); *Carter v. U.S. Dep't of Homeland Sec.*, No. 1:21-CV-422-RCL, 2021 WL 6062655, at *2 n.2 (D.D.C. Dec. 22, 2021) (taking judicial notice of information "posted on the official public website of the Department of State").

In its Motion for Partial Summary Judgment, the IRS characterized its $21 portion of the overall 2020 PTIN fee of $35.95 as "reasonable." Def.'s Br. Supp. Mot. Part. Summ. J. at 25, ECF 173-1. It argued that the "more granular methodology" it had used to "remove the costs associated with *Loving*" and set the 2020 fee should be used to determine the excessiveness of the 2014-2017 PTIN fees. *Id.* at 22-23.

Plaintiffs continue to assert that the 2020 fee (and underlying 2019 cost model) is irrelevant to the question of whether the 2010 and 2015 PTIN fees were excessive. Pls.' Opp'n to Def.'s Mot. Summ. J. at 9, ECF 185. But if the Court accepts the IRS's argument that the 2020 fee is a reasonable proxy for the 2014-2017 fees, the Court should also consider the newly reduced 2023 fee.

That the IRS was able to reduce the fee by roughly 15% while simultaneously making several system enhancements in a time of rising costs casts doubt on the IRS's position that the 2020 fee was reasonable and included only lawful costs. *See* Ex. D at 2 (listing PTIN system enhancements). More precision in explaining the reduction is impossible because the fee was not disclosed in a regulation, as even the IRS admits it must be. Def.'s Reply Supp. Mot. Summ. J. at 16, ECF 203 (IRS "would need a 'regulation changed *to change* the user fee'") (emphasis in original); *see also* ECF 185 at 7 (quoting IRS testimony). Without a regulation, there is no way to know which part of the PTIN fee has been reduced—the IRS portion, the vendor portion, or both. The reduction could represent a roughly 25% reduction in the IRS fee, an approximately 35% reduction in the Accenture fee, or some lesser reduction in both fees. It is possible that a reallocation of resources within the Return Preparer Office accounts for all or part of the reduction. At around the same time the IRS reduced the PTIN fee, it increased the user fee for registration of enrolled agents (EAs) and enrolled retirement plan agents (ERPAs) from $67 to $140. The preamble to the final EA/ERPA regulation attributes the increase in part to an unspecified "re-allocation" of "a portion of oversight and support costs that had previously been recovered through other funding sources." *User Fees Relating to Enrolled Agents and Enrolled Retirement Plan Agents*, 87 Fed. Reg. 58,968, 58,970 (Sept. 29, 2022). In justifying the much greater EA/ERPA fees, the preamble to the final regulation states: "The user fees for enrollment and renewal of

enrollment [for EAs and ERPAs] were $125 prior to the RPO's reallocation of labor costs related to the PTIN fee in 2011." *Id.* With only the EA/ERPA-Fee regulation and no new PTIN regulation, it is impossible to know if part of the increase in the EA/ERPA fee and the reduction in the PTIN fee reflect a shift of costs from the PTIN fee to the EA/ERPA fee.

The new fee is also relevant to the question of whether user fees (including vendor fees) must be implemented by regulation and supported by a sufficient public justification of costs. As Plaintiffs have previously argued, neither the 2013 cost model nor any of the Accenture fees were properly implemented by a regulation. ECF 185 at 6-8, 18-20. The inability to know which portion of the fee was reduced in 2023, and why, highlights the problems that arise when fees are not implemented by regulation. This lack of transparency and accountability associated with the 2023 fee further supports Plaintiffs' argument that all user fees must be implemented by regulation and with sufficient explanation of included costs.[1] *See id.*

For these reasons, Plaintiffs ask that the Court take judicial notice of the 2023 reduced PTIN fee of $30.75 in support of Plaintiffs' Opposition to Defendant's Motions for Partial Summary Judgment. *See Carter*, 2021 WL 6062655, at *2 n.2.

Dated:  January 6, 2023

---

[1] In addition to reducing the 2023 fee, Form W-12 now allows individuals to renew or register for previous calendar years on a single form. Ex. B. The PTIN system also has been "enhance[d]" to allow for "multi-year renewals/registrations." Ex. D at 2. To renew or register for 2021 or 2022, individuals must pay the $35.95 fee in effect for those years. Ex. B at 3; Ex. C at 4. Registrations and renewals for 2020 and earlier, however, are free and not subject to any fee, suggesting that the IRS believes it is not entitled to fees for the 2017 to 2020 period. Ex. B at 3; Ex. C at 4. But the IRS has taken the opposite position in this litigation, arguing that it is entitled to an offset for fees that should have been paid from 2017 to 2020. ECF 173-1 at 28-33. This unexplained inconsistency will penalize people who timely complied with the PTIN requirement from 2017 to 2020, while people who ignored the requirement and are only belatedly complying will be given free PTINs.

Respectfully submitted,

*/s/ William H. Narwold*
MOTLEY RICE LLC
William H. Narwold
bnarwold@motleyrice.com
DC Bar No. 502352
One Corporate Center
20 Church Street, 17th Floor
Hartford, CT  06103
Telephone: (860) 882-1676
Facsimile: (860) 882-1682

MOTLEY RICE LLC
Meghan S.B. Oliver
moliver@motleyrice.com
Charlotte Loper
cloper@motleyrice.com
Ebony Bobbitt
ebobbitt@motleyrice.com
28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Class Counsel*

LAW OFFICE OF ALLEN BUCKLEY LLC
Allen Buckley
ab@allenbuckleylaw.com
2727 Paces Ferry Road, Suite 750
Atlanta, GA  30339
Telephone: (404) 610-1936
Facsimile: (770) 319-0110

GUPTA WESSLER PLLC
Deepak Gupta, Esq.
deepak@guptawessler.com
Jonathan E. Taylor
jon@guptawessler.com
2001 K Street, NW
North Tower, Suite 850
Washington, DC 20006
Telephone:  (202) 888-1741
Facsimile:  (202) 888-7792

CAPLIN & DRYSDALE, CHARTERED
Christopher S. Rizek, Esq.
crizek@capdale.com
One Thomas Circle, NW, Suite 1100
Washington, DC  20005
Telephone:  (202) 862-8852
Facsimile:  (202) 429-3301

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, William H. Narwold, declare that I am over the age of eighteen (18) and not a party to the entitled action.  I am a member of the law firm MOTLEY RICE LLC, and my office is located at 20 Church Street, 17th Floor, Hartford, CT 06103.

On January 6, 2023, I caused to be filed the following in the above-captioned case: **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF 185)** with the Clerk of Court using the Official Court Electronic Document Filing System, which served copies on all interested parties registered for electronic filing.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:  January 6, 2023                         Respectfully submitted,


                                                */s/ William H. Narwold*
                                                William H. Narwold
                                                MOTLEY RICE LLC