UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ADAM STEELE, BRITTANY
MONTROIS, and JOSEPH HENCHMAN,
on behalf of themselves and all others
similarly situated,

    *Plaintiffs,*

v.

UNITED STATES OF AMERICA,

    *Defendant.*

Case No. 1:14-cv-1523-RCL

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that Plaintiffs' Motion for Summary Judgment [175] is **GRANTED** in part and **DENIED** in part and Defendant's Motion [173] for Partial Summary Judgment is **GRANTED** in part and **DENIED** in part.

It is further **ORDERED** that the PTIN and vendor fees for FY 2011 through 2017 were unlawfully excessive under the IOAA to the extent that they were based on the following activities:

- All activities already conceded by the government in this case.

- Any Compliance Department activities other than (1) investigating ghost preparers; (2) handling complaints regarding improper use of a PTIN, use of a compromised PTIN, or use of a PTIN obtained through identity theft; and (3) composing the data to refer those specific types of complaints to other IRS business units.

- All Suitability Department activities.

- The portion of support activities that facilitated provision of an independent benefit to the agency and the public.

1

- The portion of Accenture's activities as a vendor that facilitated provision of an independent benefit to the agency and the public.

It is further **ORDERED** that the case is remanded to the IRS to determine an appropriate refund for the class as follows:

- The IRS shall determine in a manner consistent with the accompanying Memorandum Opinion the amount of the FY 2011 through 2017 PTIN and vendor fees it lawfully charged return preparers by subtracting from the fees it actually charged a reasonable estimate of the cost of the activities identified above as being invalid bases for an IOAA fee.

- In determining the lawful amount charged and the corresponding refund, the IRS shall use the 2010 Cost Model and fee amount of $50 as the baseline for the FY 2011 through 2015 PTIN fees and the 2015 Cost Model and fee amount of $33 as the baseline for the FY 2016 and 2017 PTIN fees. However, the IRS may look to later cost models for assistance in identifying costs that were improperly included in the 2010 and 2015 Cost Models.

- In determining the lawful amount charged and the corresponding refund, the IRS shall use its initial contract with Accenture and fee amounts of $14.25 for new registrations and $13 for renewals as the baseline for the FY 2011 through 2016 vendor fees and the subsequent contract (to the extent it contemplates different activities) and fee amount of $17 for the FY 2017 vendor fee.

- The IRS shall not offset the amount due to the class at this juncture based on fees it could not or did not assess following this Court's later-vacated injunction against the assessment of all PTIN fees.

- When the IRS has completed this review on remand, the government shall file a notice in this Court informing plaintiffs and the Court of the refund it has estimated to be appropriate.

The Court will retain jurisdiction for purposes of further proceedings to follow thereafter.

The parties are **ORDERED** to file within 30 days of the issuance of this Order and every 30 days thereafter a joint status report informing the Court of the status of the IRS's work on remand until such time as that work is complete.

It is further **ORDERED** that plaintiffs' challenge to the information asked for on PTIN applications was improperly raised.

It is further **ORDERED** that Defendants' Motion [174] for Leave to File Under Seal is **GRANTED**, Plaintiffs' Motion [177] for Leave to File Under Seal is **GRANTED**, Defendant's Motion [184] for Leave to File Under Seal is **GRANTED**, Plaintiffs' Motion [187] for Leave to File Under Seal is **GRANTED**, Plaintiffs' Motion [206] to Modify the Draft Order is **DENIED**, Plaintiffs' Motion [207] for Leave to File Under Seal is **GRANTED**, Plaintiffs' Motion [211] to File a Surreply is **GRANTED**, and Plaintiffs' Request [218] for Judicial Notice is **DENIED**.

The Memorandum Opinion was filed under seal because it references documents the parties filed under seal. It is hereby **ORDERED** that the parties meet and confer and jointly identify which, if any, parts of the Memorandum Opinion should remain sealed within five days.

**IT IS SO ORDERED.**

Date: 1/23/23

Royce C. Lamberth
United States District Judge