IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Adam Steele, Brittany Montrois, and ) | |
| Joseph Henchman, on behalf of ) | |
| themselves and all others similarly ) | |
| situated, ) | |
|      *Plaintiffs*, ) | |
| ) | |
|      v. ) | Civil Action No.: 1:14-cv-01523-RCL |
| ) | |
| United States of America, ) | |
|      *Defendant*. ) | |
| _____ ) | |

**JOINT STATUS REPORT**

On January 24, 2023, this Court remanded this matter to the IRS to determine an appropriate refund for the class. (ECF 222 ("Order")). The Order also required the parties to file a joint status report every 30 days informing the Court of the "IRS's work on remand until such time as that work is complete." *Id.* The parties submit this joint status report as required by the Order.

**United States:**

During the past 30-days the United States, consistent with the Order, considered which parts of the Court's sealed memorandum decision should remain under seal. After the IRS and Accenture were able to review the memorandum decision, the parties submitted a notice of compliance indicating which portions of the memorandum decision should be unsealed. (ECF 224.) Additionally, the IRS began developing the methodology and process for calculating a refund for the class in accordance with the Court's order.

Finally, during the last 30 days, the IRS and undersigned counsel at the Department of Justice met at least once weekly regarding the IRS's work on remand.

On January 23, 2023, the Court ordered the parties "to file within 30 days of the issuance of this Order and every 30 days thereafter a joint status report informing the Court of the status of the IRS's work on remand until such time as that work is complete." The United States declines to comment on the "Plaintiffs" section below because it exceeds the scope of the status report ordered by the Court, and because it seeks relief that is not requested through a motion as required under Fed. R. Civ. P. 7(b).

**Plaintiffs:**

*Proposed Revisions to Order.* It is plaintiffs' position that certain language in the Court's order (ECF 222) should be amended to accurately reflect the effective dates and amounts of the fees at issue. For example, the Order states that "the IRS shall use the 2010 Cost Model and fee amount of $50 as the baseline for the FY 2011 through 2015 PTIN fees . . . ." The $50 fee, however, was in effect from October 1, 2010 through October 31, 2015, one month into FY 2016. The Order further states that "the IRS shall use the . . . 2015 Cost Model and fee amount of $33 as the baseline for the FY 2016 and 2017 PTIN fees." The $33 PTIN fee, however, went into effect one month into FY 2016, on November 1, 2015, and continued to be in effect until this Court's injunction on July 10, 2017. Similarly, the $17.00 Accenture fee went into effect on November 1, 2015, pursuant to a 2015 contract with the IRS, and also continued in effect until July 10, 2017. Plaintiffs also propose specifying the Cost Models to be used by bates number. A redline of proposed clarifications to the Court's order is attached as Exhibit A. Counsel for Defendant has

informed Plaintiff that they "are confirming with the IRS that they agree with that change." They also expressed their view that any corrections should be filed in a Rule 60 motion to amend the Court's order. If so ordered, the parties will file such a motion.

*Foreign Preparer Registration Processing.* The 2010 Cost Model includes the following item: "Foreign Preparer Registration Processing: Includes costs associated with validating location and identity of preparers without an SSN." *See e.g.*, ECF 177-31 at 5. *Montrois* held that the "specific benefit" provided by the PTIN is "help[ing] protect tax-return preparers' identities by allowing them to list a number on returns other than their social security number." *Montrois v. United States*, 916 F.3d 1056, 1063 (D.C. Cir. 2019). Consistent with that holding, this Court held that "the government must be able to explain with respect to each activity that formed the basis of the PTIN fees how that activity was reasonably related to providing the private benefit that the Circuit identified in *Montrois*: a means of identifying return preparers that protects them from identity theft." ECF 221 at 18.

Foreign preparers who did not have social security numbers received no benefit from the PTIN. Plaintiffs briefed this issue in their opening brief. ECF 177-29 at 20-21. The government did not respond to the argument, and the Court did not rule on the issue. Plaintiffs believe that any costs in the 2010 and 2015 Cost Models relating to foreign preparer registration processing should not be included in the PTIN fee. Plaintiffs wish to raise the issue at the beginning of the remand process so it may be accounted for as appropriate. Defendant does not agree that costs associated with the registration of foreign preparers are not permissible.

***Concededly unlawful exactions.*** Since the remand from the D.C. Circuit, Defendant has conceded that $110,165,532.35 of PTIN fees paid during the period 2010 to July 2017 were excessive and wrongly collected. Of that $110,165,532.35, the government to date has paid $28,982,499 for the benefit of the plaintiff class. *See* ECF 173-22; ECF 173-23. Those monies have been placed into an interest-bearing escrow account maintained by the class administrator, approved by the Court to disseminate class notice. In October 2022, class counsel directed the administrator to invest the bulk of those funds in 6-month Treasury bills, earning approximately 4.5% in interest. To date, the funds in escrow have earned $90,838.13 in interest. Class counsel will continue to direct that these funds be invested for the benefit of the class during the remainder of this litigation. Upon final resolution of this matter—either by way of judgment or settlement—the monies in the escrow account, along with any other amounts agreed to by settlement or ordered by the court, will be combined and distributed to the plaintiff class by the class administrator.

Because the government has conceded that $110,165,532.35 in fees have been unlawfully exacted from the class, and because it is the government's position that the class will "not be able to recover interest on the damages that the government has agreed it must pay," the plaintiffs believe that this Court should enter a partial final judgment against the government under Rule 54(b) in the amount of the concededly unlawful exactions. *Entergy Nuclear Palisades, LLC v. United States*, 122 Fed. Cl. 225, 227–30 (Fed. Cl. 2015) (entering partial final judgment against the federal government under Rule 54(b) with respect to uncontested damages). These concededly unlawful exactions give rise to their own claims for purposes of Rule 54(b), and there is no sound reason to permit the

government to continue retaining funds that it agrees were unlawfully taken from the class. *Id.* Defendant has refused to pay the conceded amounts to Plaintiffs.

*Ghost Preparers.* On page twenty-two of its opinion, the Court states that "[t]o the extent that [the three specific categories of Compliance Department activities] relate to misuse of PTINs, all three are reasonably related to the provision of the private benefit that the Circuit identified in *Montrois*—protection of preparers' identity—because the misuse of PTINs compromises their ability to serve as a secure means of identification." ECF 221 at 22. Yet, in the next paragraph, the opinion suggests that activities related to "the misuse or *nonuse* of PTINs" are recoverable costs. Although it is plaintiffs' position that certain costs related to the *misuse* of PTINs may be recoverable, it is also their position that costs related to the *nonuse* of PTINs—a distinct category—are not recoverable. *See* ECF 204 at 14 n.9 (arguing that ghost-preparer problems have existed for decades (i.e., pre-PTINs) and a PTIN would not be of use to a ghost preparer). Thus, plaintiffs respectfully request leave to file a brief (no more than 5 pages) motion seeking clarification of whether the costs of both activities relating to misuse and nonuse are recoverable, or if only the costs of activities relating to PTIN misuse are recoverable. Defendant objects to the filing of a motion for clarification.

(*Signatures on next page*)

Dated: February 23, 2023

Respectfully submitted,

| | |
|---|---|
| /s/ William H. Narwold | /s/ Stephanie A. Sasarak |
| MOTLEY RICE LLC | U.S. DEP'T OF JUSTICE, TAX DIVISION |
| William H. Narwold | Stephanie A. Sasarak |
| bnarwold@motleyrice.com | Stephanie.A.Sasarak@usdoj.gov |
| D.C. Bar No. 502352 | Joseph A. Sergi |
| One Corporate Center | Joseph.A.Sergi@usdoj.gov |
| 20 Church Street, 17th Floor | Benton T. Morton |
| Hartford, CT 06103 | Benton.T.Morton@usdoj.gov |
| Telephone: (860) 882-1676 | Joseph E. Hunsader |
| Facsimile: (860) 882-1682 | Joseph.E.Hunsader@usdoj.gov |
| | Emily K. Miller |
| MOTLEY RICE LLC | Emily.K.Miller@usdoj.gov |
| Meghan S. B. Oliver | Trial Attorneys |
| moliver@motleyrice.com | Post Office Box 227 |
| Charlotte Loper | Ben Franklin Station |
| cloper@motleyrice.com | Washington, DC  20044 |
| Ebony Bobbitt | Telephone:  (202) 307-2089 |
| ebobbitt@motleyrice.com | Facsimile:  (202) 514-6866 |
| 28 Bridgeside Boulevard | |
| Mount Pleasant, SC 29464 | *Attorneys for Defendant United States of* |
| Telephone: (843) 216-9000 | *America* |
| Facsimile: (843) 216-9450 | |

*Counsel for Plaintiffs*

LAW OFFICE OF ALLEN BUCKLEY LLC
Allen Buckley
ab@allenbuckleylaw.com
2727 Paces Ferry Road, Suite 750
Atlanta, GA  30339
Telephone: (678) 981-4689
Facsimile: (855) 243-0006

GUPTA WESSLER PLLC
Deepak Gupta, Esq.
deepak@guptawessler.com
Jonathan E. Taylor
jon@guptawessler.com

1735 20th Street, NW
Washington, DC  20009
Telephone:  (202) 888-1741
Facsimile:  (202) 888-7792

CAPLIN & DRYSDALE, CHARTERED
Christopher S. Rizek, Esq.
crizek@capdale.com
One Thomas Circle, NW, Suite 1100
Washington, DC  20005
Telephone:  (202) 862-8852
Facsimile:  (202) 429-3301

*Additional Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2023, I electronically filed the Joint Notice of Compliance CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated:  February 23, 2023                    */s/ Stephanie A. Sasarak*
                                             STEPHANIE A. SASARAK