United States District Court for the District of Columbia
333 Constitution Avenue NW
Washington, DC 20001

Adam Steele, Brittany Montrois
and all others similarly situated,

        Plaintiffs,

United States of America,

        Defendants.

Civil Case No. 1: 14-cv-1523-RCL

*Let this be filed. Class counsel shall respond first, within 30 days. Royce C. Lamberth U.S.D.J. 5/31/23*

**Class Member but not included on the Class Member List; No response; and, Request to be included on the Class Member List for related Injunctive Relief**

This PTIN case at issue requiring all Tax Preparers of Federal Tax Returns to purchase a Preparer Tax Identification Number and renew the Preparer Tax Identification Number yearly paying to the IRS a User Fee to prepare tax returns for compensation became effective September 30, 2010. Initially in Brennan vs. United States No. 4:11-CV-0135-HLM 2011, represented by the original Attorney Allen Buckley in this PTIN User Fee case matter and appealing in Brennan et al. vs. United States No. 11-14138 (11th. Circuit 2012), then forward all the way to the appeal to the Court of Appeals for the District of Columbia in Case No. 17-5204 from U.S. District Court for District of Columbia No. 1:14-cv-01523; lastly being remanded back to determine the correct amount of PTIN User Fees if any, for the years at issue and from the beginning of the PTIN User Fee charge.

To be short, and from the U.S. Court of Appeals for the District of Columbia in Case No. 17-5204 decided March 1, 2019 and from page #10 and in brackets herein:

[Offices Appropriations Act helps federal agencies recover the costs of services provided to beneficiaries. See Nat'l Cable Tel. Ass'n, Inc. v. United States, 415 U.S. 336, 337 n.1 (1974). Under the Act, the "head of each agency ... may prescribe regulations establishing the charge for a service or thing of value provided by the agency." 31 U.S.C. §9701(b).

The Supreme Court considered the Act in companion decisions issued on the same day in 1974. Fed. Power Comm'n v. New England Power Co., 415 U.S. 345 (1974); Nat'l Cable, 415 U.S. 336. The Court "construe[d] the Act to cover only 'fees' and not 'taxes.'" New England Power, 415 U.S. at 349. That is because "[t]axation is a legislative function, and Congress . . . is the sole organ for levying taxes." Nat'l Cable, 415 U.S. at 340. The Court explained that fees, as opposed to taxes, are imposed on identifiable recipients of particular government services. Id. at 340–41; New England Power, 415 U.S. at 349. The Court thus understood the Act to give agencies authority to impose a "reasonable charge" on an "identifiable recipient for a measurable unit or amount of Government service or property from which [the recipient] derives a special benefit." New England Power, 415 U.S. at 349(quoting OMB Circular No. A-25 (Sept. 23, 1959)).

The Act, that is, enables an agency to impose a fee only for "a service that confers a specific benefit upon an identifiable beneficiary." Engine Mfrs. Ass'n v. EPA, 20 F.3d 1177, 1180 (D.C. Cir. 1994). To justify a fee under the Act, then, an agency must show (i) that it provides some kind of service in exchange for the fee, (ii) that the service

yields a specific benefit, and (iii) that the benefit is conferred upon identifiable individuals. Id.; see Seafarers Int'l Union of N. Am. v. U.S. Coast Guard, 81 F.3d 179, 184–85 (D.C. Cir. 1996). Here, the PTIN fee satisfies those conditions.]

And from page 11 first paragraph:

[We first assess whether the IRS provides a service in exchange for the PTIN fee. We conclude it does: the service of providing tax-return preparers a PTIN. In particular, the IRS generates a unique identifying number for each tax-return preparer and maintains a database of those PTINs, enabling preparers to use those numbers in place of their social security numbers on tax returns...]

From page 12 second paragraph:

[Having determined that the IRS provides a service—the provision of a PTIN—in exchange for the challenged fee, we next consider whether that service affords a specific benefit. We conclude it does: the PTIN helps protect tax-return preparers' identities by allowing them to list a number on returns other than their social security number.]

Lower down on page 12, from last paragraph:

[In contending that the "specific benefit" requirement is met here, the IRS reasons in part that agency regulations require tax-return preparers to obtain a PTIN in order to prepare tax returns for compensation, and "[t]he ability to prepare tax returns . . . for compensation is a special benefit." 80 Fed. Reg. at 66,794. ].

And lastly from this Circuit Court Decision of March 2019 in Case No. 17-5204 reference is made to page 13 the first paragraph:

[regime.  Nor, the tax-return preparers argue, can the agency simply create an obligation to obtain a PTIN that is untethered to any underlying licensing system, and then treat satisfaction of that agency-invented requirement as a specific benefit for which a fee may be assessed. See Seafarers, 81 F.3d at 186 ("[A]n agency is not free to add extra licensing procedures and then charge a user fee merely because the agency has general authority to regulate in a particular area."); Cent.& S. Motor Freight Tariff Ass'n v. United States, 777 F.2d 722, 729 (D.C. Cir. 1985) ("To be legally cognizable, the private benefit must be predicated upon something other than the mere fact of regulation. . . .").]

## **Issue Needing Correction**

 The Class Member has never received any information from the PTIN Class Action Administrator. The Class Member herein has not received a Class Member Identification Number. The Class Member herein has never received a Class Member Reference Number. Upon calling the Class Action telephone number listed in "Contact us" at the Class Action Website ptinclassaction.com 1-866-483-8621 the phone number is for recorded information only as no live person is available and then hangs up the telephone if a number choice is not pressed in a few seconds or a choice is delayed (Exhibit A). Clicking on motleyrice.com brings the inquirer to motley-rice PTIN Class Action Fees Contact Form (Exhibit B); filling out the motley-rice PTIN Class Action Fees Contact Form and submitting it results in no contact, no e-mail, no telephone call,…nothing.

The Class Member herein Patrick Bryant has paid PTIN Fees from the beginning of the charged Preparer Tax Identification Number User Fee. The Class Member does not prepare tax returns, but is required by the IRS to purchase and renew his Preparer Tax Identification Number even though he prepares no tax returns, prepares no tax returns for compensation and has never prepared tax returns for compensation.

To add insult to injury for instance, On January 30, 2017 when the Class Member attempted to renew his Enrolled Agent License the computer system brought him back to 2015 and forced him to purchase an expired 2015 PTIN for $63.00. I never prepared tax returns in 2015. Upon paying the $63.00 for the expired 2015 PTIN on January 30, 2017

the Class Member attempted to renew his Enrolled Agent License, but was then brought back to 2016 by the computer system. The Class Member was forced then to purchase an expired 2016 PTIN for $50.00 on January 30, 2017. The Class Member did not prepare tax returns in 2016. After purchasing the expired 2015 and 2016 PTIN's on January 30, 2017 for $63.00 and $50.00 respectively totaling $113.00 for expired PTIN's, the Class Member attempted to renew his Enrolled Agent License. The Class Member was then required to purchase the 2017 PTIN for $50.00. The Class Member does not prepare tax returns and did not prepare tax returns in 2017.

### Threefold Requested Remedy by the Court

1) It is respectfully requested that the Court inquire first why I have not been included in the PTIN Class as a PTIN Class Member, and have the PTIN Class Administrator correct this error. It could be such that the list provided by the Treasury Department does not include Class Members who do not prepare tax returns, but who are required by the IRS to purchase Preparer Tax Identification Numbers anyway.

2) Respectfully Your Honor, I must be included on the list of Class Members who are deemed to receive full reimbursement of all PTIN Fees as I have never prepared and do not now prepare tax returns. You see Your Honor, the IRS does not "Provide a Service" to me for not using a social security number and instead using a PTIN on prepared tax returns, as I do not prepare tax returns.
And likewise therefore, the IRS "provides no benefit" to me in charging me a PTIN Fee for a Tax Preparer Identification Number as I do not prepare tax returns.
   In fact, it is just the opposite. I am burdened by being required to purchase and renew yearly and pay for something that I do not use and have no need for, and am provided with "no service" for purchasing, and "receive no benefit" by purchasing and renewing yearly the PTIN from the Seller. It was a great burden on me to purchase expired PTIN's for 2015 and 2016 on January 30, 2017. The Independent Offices Appropriations Act is clear on this.

3) Lastly and respectfully, it is requested that Your Honor instruct that I be included on the Class Member List for the Court's Injunctive Relief that prevents the IRS from charging PTIN Fees to Class Members who do not prepare tax returns and likewise therefore "receive no service" nor "receive any benefit" from being required to purchase and renew the PTIN.

This the 22nd day of May 2023.

Respectfully submitted
by U.S. Mail.
Patrick Bryant
34 Nelson Road
Selden. NY 11784

Original:     Judge Royce C. Lamberth

|  |  |  |
|---|---|---|
|  | United States District Court<br>District of Columbia<br>333 Constitution Avenue NW<br>Washington, DC 20001 |  |
| Copies: | MOTLEY RICE LLC<br>William H. Narwold<br>One Corporate Center<br>20 Church Street, 17th Floor<br>Hartford, CT 06103 | First Class Mail.<br>bnarwold@motleyrice.com |
|  | LAW OFFICE OF ALLEN BUCKLEY LLC<br>Allen Buckley<br>2727 Paces Ferry Road SE, Suite 750<br>Atlanta, GA 30339 | First Class Mail.<br>ab@allenbuckleylaw.com |
|  | MOTLEY RICE LLC<br>Nathan D. Finch<br>3333 K Street NW, Suite 450<br>Washington, DC 20007 | nfinch@motleyrice.com |
|  | MOTLEY RICE LLC<br>Elizabeth Smith<br>3333 K Street NW, Suite 450<br>Washington, DC 20007 | esmith@motleyrice.com |
|  | GUPTA WESSLER PLLC<br>Deepak Gupta, Esq.<br>1735 20th Street, NW<br>Washington, DC 20009 | deepak@guptawessler.com |
|  | GUPTA WESSLER PLLC<br>Jonathan E. Taylor<br>1735 20th Street, NW<br>Washington, DC 20009 | jon@guptawessler.com |
|  | CAPLIN & DRYSDALE, CHARTERED<br>Christopher S. Rizek, Esq.<br>One Thomas Circle, NW, Suite 1100<br>Washington, DC 20005 | crizek@capdale.com |

# Steele v. United States

# Contact Us

**If you have additional questions regarding the Lawsuit, you can do one of the following:**

### Write to the Class Action Administrator at:

PTIN Fees Class Action Administrator

P.O. Box 43434

Providence, RI 02940-3434

### Call the Class Action Administrator at:

1-866-483-8621

### Or Contact Class Counsel at:

1-800-967-0768

www.MotleyRice.com (http://www.motleyrice.com/steele-v-united-states-ptin-fees)

**KCC Class Action Services LLC**
Terms of Use (http://www.kccllc.com/terms-of-use/)
Privacy Statement (http://www.kccllc.com/privacy/)

*Exhibit A*

# Steele v. United States PTIN Fees

## Steele v. United States PTIN Fees Class Action

Please refer to PTINclassaction.com for case documents and answers to frequently asked questions. If you would like to contact a Motley Rice attorney regarding this case please complete the form below. This form cannot be used to opt out of the class action.

**NAME***



**TELEPHONE NUMBER***



**EMAIL ADDRESS***



How did you receive notice of this class action?

◯ E-MAIL

◯ MAIL

◯ OTHER, EXPLAIN BELOW

**HOW CAN WE HELP? (500 CHARACTER LIMIT)***

Motley Rice uses cookies to understand how our website is used and help to provide security. By using this website, you agree with the use of cookies. For more information see our Cookie Notice. By clicking Accept, you agree to our privacy policy and use of these cookies.

[ ACCEPT ]

[ DO NOT USE COOKIES ]

*Exhibit B*

**MATH QUESTION\***

11 + 0 =

Solve this simple math problem and enter the result. E.g. for 1+3, enter 4.

SUBMIT

## Related Information

FAQs

Household Asbestos Exposure: Cox v. A&I Company

Human trafficking lawsuit FAQ: Civil justice a...

## Contact Us

1.800.768.4026

## Connect With Us

Motley Rice uses cookies to understand how our website is used and help to provide security. By using this website, you agree with the use of cookies. For more information see our **Cookie Notice**. By clicking Accept, you agree to our privacy policy and use of these cookies.

*Exhibit B*

Rice LLC. All rights reserved.

Attorney Advertising.

Prior results do not guarantee a similar outcome.

Download Adobe Reader

Motley Rice uses cookies to understand how our website is used and help to provide security. By using this website, you agree with the use of cookies. For more information see our **Cookie Notice**. By clicking Accept, you agree to our privacy policy and use of these cookies.

*Exhibit B*