# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

United States of America,

*Defendant*.

Case No. 14-cv-01523-RCL

**Response to Defendant's Motion to Strike Costs Analysis of Allen Buckley**

This filing is made in response to the portion of the filing made by Defendant on May 1, 2024, seeking to strike the costs analysis and related costs calculated by Plaintiffs' co-counsel Allen Buckley. Motley Rice LLC consents to this filing.

The Buckley costs analysis was done to show what the D.C. Circuit Court directed in *Montrois*, couple with what this court directed in ECF 222, could be accomplished: Calculation of a reasonable estimate of the costs of issuing and renewing PTINs (and maintaining a database) and the costs related to ghost preparers, etc. and foreign preparer costs—while providing evidence and reasoning of how all the figures were produced. The IRS failed to do so.

Concerning Accenture, the IRS said Accenture's costs could not be calculated because it didn't have access to the Accenture data. It used this conclusion to justify using its (whacky) CLINs method. (ECF 258-2, ¶ 45) Reversing the CLINs method, by calculating sentences mentioning PTINs issuance and renewal (18), produces a 12.3% cost inclusion. But the Accenture data is there,

as shown in Buckley's analysis.[1] For whatever reason, the IRS simply didn't find it. Using the IRS cost models, the Accenture contracts and the information found in discovery, the costs analyses were assembled. The IRS could create its own analysis, fully consistent with Buckley's analysis.[2] (If the court does not strike down all fees, perhaps it might order the IRS to, absent proof of error, do so?)

Regarding the use of ex post data, as pointed out in the 20-page PTIN costs memo, no cost accountant would use projected costs to estimate actual costs when actual costs are available. The actual costs would be used. They were when available. Otherwise, IRS projected costs were used. It is not possible to reasonably estimate the costs of "generating PTINs and maintaining a database of PTINs" (*Montrois*, p. 1067) without going outside the administrative record and the Accenture contracts. Attempting to do so would be akin to trying to find everyone in a phone book interested in astronomy, using only the phone book (and not being permitted to call anyone listed therein).

Regarding improper legal briefing and costs included, while Buckley's material questions some costs, including ghosts costs and foreign preparer costs, it ultimately follows *Montrois* and ECF 222, *and includes all those costs.* So, the IRS's claim (p. 24 of ECF 280) that the refund amount includes items the Court said could be charged it meritless. As noted in the two memos, close calls were given to the IRS. All information and its sources can be supplied.

Concerning the motion to compel, it is true the information sought would have definitively put the percentages issues to rest. It was sought due to inconsistent or incomplete information in the

---

[1] Virtually all costs for Accenture were found, with the exception of 2013. An estimate of 2013 costs came in low, so Buckley replaced the 2013 figures with the average of the other years' figures.

[2] In this regard, the IRS might recognize that the vast majority of the plaintiffs are U.S. citizens and taxpayers who paid unlawful user fees due to an IRS abuse of power—creating a licensing scheme after Congress specifically rejected such numerous times. If it did so, it might find it easier to do the right thing.

record. The IRS was given the chance to produce the percentages. It refused to do so.[3] Buckley combed through the record and found the best information he could to produce the figures. Unlike the IRS's analysis with respect to its employees' work, full support and logic is provided for the percentages, with direct references to the record.

Finally, it's the understanding of the undersigned that motions to strike ordinarily occur with respect to pleadings (under FRCP 12(f)) or with respect to evidentiary matters, neither of which is in issue with respect to the motion of Defendant.

Respectfully submitted,

*/s/ Allen Buckley*
Allen Buckley LLC
LAW OFFICE OF ALLEN BUCKLEY LLC
Allen Buckley
ab@allenbuckleylaw.com
2900 Paces Ferry Road, Suite C-2000
Atlanta, GA 30339
Telephone: (678) 217-4083
Facsimile: (855) 243-0006

May 8, 2024

*Counsel for Plaintiffs Adam Steele, Brittany Montrois, Joseph Henchman, and the Class*

---

[3] The record is replete with all sorts of breakdowns of time worked by IRS employees on various matters. Yet the IRS said it could not produce the breakdowns requested.