IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated,<br>　　　*Plaintiffs*,<br><br>　　　v.<br><br>United States of America,<br>　　　*Defendant*. | Civil Action No.: 1:14-cv-01523-RCL |

**JOINT STATUS REPORT**

**<u>Plaintiffs' Position:</u>**

On November 13, 2024, the IRS provided Plaintiffs with a letter containing its work following the second remand. The letter stated that the IRS had calculated an additional restitution amount of $232,614. On December 11, 2024, in advance of the parties' meet and confer, Plaintiffs sent a response to the IRS's letter that outlined a number of questions and concerns regarding the IRS's work on the second remand. The IRS responded on January 10, 2024, explaining that it had reevaluated three line items in the OPR/PMO Ops. Support category of the 2010 Cost Model and had calculated an additional restitution amount of $618,148.41. In response to Plaintiffs' other concerns, the IRS doubled down on its initial position, maintaining the justifications provided in its November 13, 2024 letter and finding that no additional restitution was necessary.

Notwithstanding the IRS's modest additional restitution calculation, Plaintiffs remain concerned that the IRS on its second remand persists in making the same errors Plaintiffs previously identified, including that the IRS largely continues to limit its restitution calculation only to those activities clearly invalidated by *Loving* or specifically identified in the Court's Summary Judgment Opinion. Specifically, those errors include but are not limited to:

- The IRS relies on the fact that its calculations for OPR/PMO Ops. Support and Communications & Customer Support are appropriate because the PTIN fee only covered 75% of these activities—yet the IRS already made this argument and the Court still remanded the case;

- The fact that the IRS already accounted for Compliance management and administrative costs—subcategories in RP Program Compliance—in its restitution calculation has no bearing as to whether the restitution amount for OPR/PMO Ops. Support is appropriate;

- The IRS claims the RPO office was front-loaded to support permissible activities, yet it did not consider the short-term FTE numbers included in the 2010 cost model in calculating the restitution amount;

- The IRS calculated no additional restitution for IT despite the Court's "skeptic[ism] that 99.5% of IT costs for this period were sufficiently related to provision of a private benefit." ECF No. 288 at 24. This defies reason because PTINs were issued manually before 2011 using a four-question form.

Thus, for these reasons and for the reasons previously stated in connection with Plaintiffs' summary judgment briefing and Plaintiffs' challenges to the IRS's work on the first remand (including the IRS's use of the CLIN methodology with respect to Accenture costs), *see* ECF Nos. 175, 185, 204, 276, and 283, Plaintiffs maintain that the IRS still has not calculated the cost of "issuing and maintaining a database of PTINs." *Montrois v. United States*, 916 F.3d 1056, 1058 (D.C. Cir. 2019).

Nevertheless, in an effort to avoid prolonging this matter further through additional briefing and a possible *third* remand, Plaintiffs do not intend to raise any challenges specific to the IRS's work on the second remand. Rather, Plaintiffs agree with the IRS that the more efficient path is to file a joint motion respectfully requesting that the Court enter partial final judgment as to Count 2 under Fed. R. Civ. P. Rule 54(b) in the amount of $168,700,624 for FY 2011 – FY 2017. *See* ECF No. 144 ¶ 3 ("The parties agree that they will first seek adjudication and a partial final judgment – by way of summary judgment, trial, appeal, and/or settlement – of all disputes relating to the 2010-17 Claim."); ECF No. 226 at 15 n.7 (acknowledging the parties' stipulation regarding post-2019

PTIN fees). In not challenging the IRS's work on the second remand, Plaintiffs do not waive, and expressly reserve, all arguments and appellate rights regarding issues already adjudicated by the Court.

**United States' Position:**

The Court's August 9, 2024 order remanded the case to allow the IRS to review and explain why it did not estimate a higher restitution percentage related to the IRS portion of the PTIN fee for the following cost categories contained in the 2010 Booz Allen Cost Model's ("2010 Model"): (1) Marketing & Branding; (2) Communications; (3) OPR/PMO Ops Support, specifically including for Vendor/IT Management; and (4) information technology (IT) costs. *See* ECF No. 293 (Mem. Op. at 24) (e.g. 2011-2015 Cost Table ll. Lines 12, 19, 72-76, 103 & 113). For the Accenture vendor fee portion, the Court identified two areas for the IRS to explain on remand: (1) potential call center subcategories, and (2) potential CLINs contained in the Accenture contract.

Consistent with the Court's remand order and after considering the items the Court identified therein, the IRS made a refund estimate that it shared with Plaintiffs' counsel via letters dated November 11, 2024, and January 10, 2025 explaining its estimate. In summary, the IRS estimated the following:

Amount of estimate before August 9, 2024 Remand Order: [1]

| | |
|---|---|
| 2011-2017 Prior concessions | $110,322,017 |
| 2011-2017 Court ordered additional refund | $ 57,527,844 |
| **Total** | **$167,849,861** |

Amount of IRS estimate for 2011-2017 consistent with Court's August 9, 2024 Remand Order:

| | |
|---|---|
| 2011-2015 Accenture portion | $232,614 |
| 2011-2015 IRS portion | $618,148 |
| **Total** | **$850,762** |

---

[1] See ECF Nos. 256 & 286.

The IRS revised total estimated restitution, including Court ordered additional refund amounts, is **$168,700,624**.

Despite Plaintiffs' four bullet points objecting to the IRS's determination on second remand, Plaintiffs state that they will not challenge the IRS's refund estimate. The United States disputes the issues raised in those bullet points. Thus, on or before February 10, 2025, the IRS will file a notice of its revised refund estimate with a supporting declaration providing "a sufficient basis for finding the estimate reasonable" and addressing Plaintiffs' four objections as ordered by the Court's remand order. *See* ECF No. 293 (Mem. Op. remanding case) at 36.

**Parties' Joint Statement**:

The parties agree to forego and request relief from any further briefing contemplated in the remand order. *Id.* After the notice and declaration are filed, the parties agree to jointly file a motion for entry of partial judgment and a proposed form of judgment, and agree that the judgment should be certified as final as to FY 2011 – FY 2017 under Fed. R. Civ. P. 54(b).

Dated: January 24, 2025                    Respectfully submitted,

| | |
|---|---|
| */s/ William H. Narwold* | */s/ Stephanie A. Sasarak* |
| MOTLEY RICE LLC | Stephanie A. Sasarak |
| William H. Narwold | Emily K. McClure |
| bnarwold@motleyrice.com | Joseph E. Hunsader |
| D.C. Bar No. 502352 | Trial Attorneys, Tax Division |
| One Corporate Center | Joseph A. Sergi |
| 20 Church Street, 17th Floor | Senior Litigation Counsel |
| Hartford, CT 06103 | U.S. Department of Justice |
| Telephone: (860) 882-1676 | Tax Division |
| Facsimile: (860) 882-1682 | Post Office Box 227 |
| | Washington, DC  20044 |
| MOTLEY RICE LLC | Telephone: (202) 307-2250 |
| Meghan S. B. Oliver | Facsimile: (202) 514-6866 |
| moliver@motleyrice.com | Joseph.A.Sergi@usdoj.gov |
| Charlotte Loper | Joseph.E.Hunsader@usdoj.gov |
| cloper@motleyrice.com | Stephanie.A.Sasarak@usdoj.gov |
| Ebony Bobbitt | Emily.K.McClure@usdoj.gov |
| ebobbitt@motleyrice.com | *Attorneys for Defendant United States* |

28 Bridgeside Boulevard
Mount Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Counsel for Plaintiffs Adam Steele, Brittany Montrois, Joseph Henchman, and the Class*

LAW OFFICE OF ALLEN BUCKLEY LLC
Allen Buckley
ab@allenbuckleylaw.com
2900 Paces Ferry Road, Suite C-2000
Atlanta, GA  30339
Telephone: (678) 217-4083

GUPTA WESSLER PLLC
Deepak Gupta
deepak@guptawessler.com
Jonathan E. Taylor
jon@guptawessler.com
1735 20th Street, NW
Washington, DC  20009
Telephone: (202) 888-1741
Facsimile: (202) 888-7792

*Additional Counsel for Plaintiffs Adam Steele, Brittany Montrois, Joseph Henchman, and the Class*