IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Adam Steele, Brittany Montrois, and Joseph Henchman, on behalf of themselves and all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>United States of America,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)   No.: 1:14-cv-01523-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT AS TO COUNT TWO IN PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

This matter is before the Court on the Parties' Joint Motion for Final Judgment under Federal Rule of Civil Procedure 54(b) as to the Second Claim in Plaintiffs' Second Amended Class Action Complaint ("Excessive PTIN Fees for the Period 2010–2017") ("Count Two"). ECF No. 148. The Court being sufficiently advised, finds, orders, and adjudges as follows:

1. On September 8, 2014, Plaintiffs filed their Class Action Complaint. ECF No. 1

2. On August 7, 2015, Plaintiffs filed their Amended Complaint alleging, among other things, two causes of action relating to preparer tax identification number ("PTIN") fees: one challenging the IRS's PTIN fee as unlawful agency action and one alternatively challenging the PTIN fee as excessive. ECF No. 41.

3. The PTIN fee is comprised of an amount payable to the IRS and an amount payable to a third-party vendor, Accenture, which processes initial and renewal PTIN applications.

4. On September 9, 2015, Plaintiffs filed their Motion for Class Certification. ECF No. 46.

1

5.     On February 9, 2016, the Court granted their motion in part and denied it in part. ECF Nos. 54, 55.

6.     On February 16, 2016, Plaintiffs moved for reconsideration of the Court's order. ECF No. 56.

7.     On August 8, 2016, the Court granted Plaintiffs' Motion for Reconsideration and certified the following class under Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3): "All individuals and entities who have paid an initial and/or renewal fee for a PTIN, excluding Allen Buckley, Allen Buckley LLC, and Christopher Rizek." ECF Nos. 63, 64.

8.     Beginning on October 7, 2016, Plaintiffs, in accordance with Federal Rule of Civil Procedure 23(c)(2), provided notice of this Action and an opportunity for exclusion from the Action. ECF No. 77. 1,075 individuals and entities excluded themselves from the class in this Action. *Id.* at 2.

9.     On September 7, 2016, Plaintiffs filed their Motion for Summary Judgment and the government filed a Motion for Partial Summary Judgment. ECF Nos. 66, 67.

10.    On June 1, 2017, in a Memorandum Opinion and accompanying Order, ECF Nos. 78, 79, the Court granted both motions in part and denied them in part.

11.    On July 10, 2017, this Court entered Final Judgment and Permanent Injunction as to Plaintiffs' Count One and ordered a full refund of PTIN fees paid from September 1, 2010 to the (then) present to each class member. ECF No. 82.

12.    On or about February 1, 2018, the claims administrator, Verita Global LLC ("Verita") (formerly known as Kurtzman Carson Consultants, LLC), provided notice to the remaining individuals covered by Count Two. ECF No. 302-1 ¶ 6. This notice was sent to approximately 77,500 class members who had previously not received notice and had not had an

opportunity for exclusion from the Action ("2018 Notice"). *Id.* Fifteen individuals and entities excluded themselves from the class after receiving the 2018 Notice, *id.* ¶ 11, in addition to the 1,075 individuals and entities that had excluded themselves following the initial notice provided in 2016, ECF No. 82 (citing ECF No. 77-1).

13. On March 1, 2019, following the government's appeal, the Court of Appeals for the District of Columbia vacated and remanded the case in order to determine "whether the amount of the PTIN fee unreasonably exceeds the costs to the IRS to issue and maintain PTINs." *Montrois v. United States*, 916 F.3d 1056, 1059 (D.C. Cir. 2019).

14. On October 28, 2020, Plaintiffs filed their proposed Second Amended Class Action Complaint which, among other things, included a third claim for excessive PTIN fees for the period 2020 and thereafter ("Count Three"). ECF No. 139-1 at 16 (redline); ECF No. 148 at 15-16 (final).

15. On November 13, 2020, the parties entered into a Joint Stipulation Regarding Post-2019 PTIN Fees. The parties agreed that "they w[ould] seek adjudication and a partial final judgment – by way of summary judgment, trial, appeal, and/or settlement – of the disputes relating to the 2010-17 Claim (the 'Initial Adjudication'). The parties further agree[d] to utilize, to the fullest extent possible, the outcome of the Initial Adjudication to resolve disputes relating to the Post-2019 Claim." ECF No. 144 ¶ 3.

16. On March 23, 2022, the parties cross-moved for partial summary judgment as to Count Two. ECF Nos. 173, 175.

17. On January 24, 2023, the Court granted in part and denied in part the parties' motions. ECF No. 222; ECF No. 236 (amended). The Court held that "the FY 2011 through 2017 PTIN and vendor fees were excessive as a matter of law . . . ." ECF No. 226 at 2. The Court then

remanded the case "to the IRS to determine an appropriate refund to the class." *Id.*; ECF No. 222 at 2.

18. On January 22, 2024, the government filed its Notice of Refund Estimate. ECF No. 256. In addition to the $110,322,017 the government had already conceded, the government calculated an additional $57,444,051 "Court Ordered" refund. *Id.* at 2. In total, the government calculated an estimated refund of $167,766,068 for FY 2011 – FY 2017. *Id.*

19. On August 9, 2024, following Plaintiffs' challenge to the IRS's Notice of Refund Estimate, the Court granted in part and denied in part Plaintiffs' Motion to Vacate. ECF No. 289 at 1. The Court again remanded the case to the government in order "to determine an appropriate refund consistent with the Memorandum Opinion, as well as the Court's Summary Judgment Opinion and Amended Remand Order." *Id.*

20. On January 24, 2025, the parties filed a Joint Status Report. ECF No. 299. The government represented that it had calculated an additional refund of $850,762 for a total estimated refund of $168,700,624 for FY 2011 – FY 2017. *Id.* at 3-4. Plaintiffs represented that, while they did not agree with the government's work on the second remand, they "d[id] not intend to raise any challenges specific to the IRS's work on the second remand. Rather, Plaintiffs agree[d] with the IRS that the more efficient path is to file a joint motion respectfully requesting that the Court enter partial final judgment as to Count [Two] under Fed. R. Civ. P. Rule 54(b) in the amount of $168,700,624 for FY 2011 – FY 2017." *Id.* at 1-2.

21. The parties agreed that following the government's filing of its second notice of refund estimate, rather than further briefing on challenges to the IRS's refund determination, they would "jointly file a motion for entry of partial judgment and a proposed form of judgment, and agree[d] that the judgment should be certified as final as to FY2011 – FY 2017 under Fed. R. Civ.

4

P. 54(b)." *Id.* at 4. The parties reserve all of their rights to challenge, appeal from, and seek review of the requested judgment and all orders, opinions, rulings, decisions merged into, underlying, or relating to the judgment.

22. On February 10, 2025, the government filed its second Notice of Refund Estimate informing the Court that "[i]ncluding the United States' prior concessions, the Court ordered incremental refund increases the United States' liability for fiscal years 2011-2017 to a total of $168,700,624." ECF No. 300 at 2.

In light of the above, and after consideration of the government's Notice of Refund Estimates, and the parties' Joint Motion for Final Judgment as to Count Two in Plaintiffs' Second Amended Class Action Complaint Under Rule 54(b) it is hereby:

1. ORDERED that the parties' Joint Motion for Final Judgment as to Count Two in Plaintiffs' Second Amended Class Action Complaint Under Rule 54(b) (ECF No. **303**) is **GRANTED**;

2. ORDERED that Judgment is hereby **ENTERED** in favor of Plaintiffs and the class and against the government as to Count Two of the Second Amended Complaint in the amount of $168,700,624 for excessive PTIN user fees for the period FY 2011 – FY 2017;

3. ORDERED that the government shall make payment of such judgment to Verita promptly after the expiration of the period for appeal or, in the event of an appeal, promptly after the final determination of all appeals or the final judgment of this Court on remand (in the amount determined following appeal resolution), whichever is later;

4. ORDERED that pursuant to a plan of distribution approved by the Court at the appropriate time, Verita shall process the individual refunds, less the pro rata share of any

attorneys' fees and costs approved by the Court, to class members after the final determination of the amount of any attorneys' fees and costs that may be awarded to Plaintiffs' counsel;

5. ORDERED that all individuals and entities listed by ClaimID in Exhibit C attached to the Declaration of Hannah Fein (ECF No. 302-1) and all individuals and entities listed by ClaimID in Exhibit C attached to the Declaration of Kathleen Wyatt (ECF No. 77-1), are hereby excluded from the class and are not bound by this Final Judgment and are not entitled to receive any recovery on account of the Final Judgment in this case;

6. ORDERED that after the expiration of the period for appeal or, in the event of an appeal (and assuming the decisions of this Court are affirmed), within 30 days following the United States Court of Appeals for the District of Columbia's entry of judgment, the parties will submit a Joint Status Report that includes a proposed schedule for addressing Count Three;

7. ORDERED that there is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of Court is directed. For the purposes of Federal Rule of Appellate Procedure 4(a), this is a final, appealable order; and

8. ORDERED that jurisdiction is hereby retained over the parties and the class members for all matters relating to this Action, including the adjudication of Count Three and the administration, interpretation, effectuation, or enforcement of this Final Judgment.

**IT IS SO ORDERED.**

Date: 3/23/25

The Honorable Royce C. Lamberth
Senior United States District Judge